[Civ. No. 3084.    Third Appellate District.—May 18, 1926.]

ANDREW FERGUSON, Appellant, v. OILDALE MUTUAL WATER COMPANY (a Corporation), Respondent.

[1] APPEAL — ALTERNATIVE METHOD — CERTIFICATION OF RECORD—AUTHORITY OF CLERK.—On an appeal under the so-called alternative method, it is competent for the clerk to certify only the judgment-roll and the notice of appeal.

[2] ID.—AMENDMENT OF RECORD—JURISDICTION—DIMINUTION OF RECORD—SUPPLEMENTAL TRANSCRIPT.—It is the trial court, and not the appellate court, which has authority to amend the record on appeal under the so-called alternative method, although the appellate court may correct the transcript in order to make it correspond to the record; and an appellant cannot file, upon a suggestion of a diminution of the record, orders of the lower court which do not form any part of the record on the appeal, nor request a supplemental transcript containing matters which have not been made a part of the record.

[3] ID.—CLERK'S TRANSCRIPT—ITEMS IMPROPERLY INCLUDED—REMEDY OF APPELLANT.—Where the only record brought up on an appeal under the so-called alternative method is a clerk's transcript, certified by the clerk alone, and such transcript improperly includes items which the clerk is not competent to certify, appellant should apply to the trial court for authentication of such items, and upon such application the respondent has the right to object to the inclusion of any of such items in the record before the settlement and allowance thereof.

[4] STREETS — DEDICATION — EVIDENCE. — In this action to enjoin a mutual water company from making excavations and laying water-pipes through certain parcels of land alleged to belong to plaintiff, from the evidence showing the subdivision of a certain tract of land by plaintiff, the filing and recording by plaintiff of a map on which the parcels of land in question were designated as streets

———————

1.    See 2 Cal. Jur. 632.
2.    See 2 Cal. Jur. 677.
4.    See 9 Cal. Jur. 31; 8 R. C. L. 894.

and alleys, the sale and conveyance of lots in said tract by reference to said map, and the use of said streets and alleys by the public, it was clear that plaintiff dedicated the parcels of land in question to public use.

[5] Id.—Offer and Acceptance.—A dedication consists of an offer and acceptance, and the acceptance may be actual or implied. It is actual when formal acceptance is made by the proper authorities, and implied when a use has been made of the property by the public for such a length of time as will evidence an intention to accept the dedication; and it is not necessary that the acceptance by the public be manifested by any direct action, ordinance, or declaration of the public authorities.

[6] Id.—Sale of Lots Fronting on Street—Title to Soil of Roadway—Intent—Presumption.—Where an owner of land, after subdividing same into lots, blocks, and streets, sells all the lots on one side of one of the streets, it will be presumed that the purchasers of said lots take title to the soil of the street in front to the center thereof, unless a different intent appears from the grant; and where such different intent does appear, the former owner of said lots (the original subdivider) has no continuing ownership in the street immediately in front of said lots entitling him to maintain an action to enjoin a mutual water company from making excavations and laying water-pipes near the curbs along that side of the street.

---

(1) 4 C. J., p. 446, n. 73. (2) 4 C. J., p. 493, n. 71, 74, p. 494, n. 79, p. 495, n. 85, p. 509, n. 41. (3) 4 C. J., p. 499, n. 20 New. (4) 18 C. J., p. 57, n. 95 New. (5) 18 C. J., p. 72, n. 77, p. 77, n. 28, 29, 33, p. 78, n. 35, 42, p. 80, n. 70. (6) 9 C. J., p. 195, n. 65; 18 C. J., p. 111, n. 28, p. 115, n. 87 New.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons & Aldrich and J. Ogden Reavis for Appellant.

W. A. McGinn and Claflin & Lambert for Respondent.

FINCH, P. J.—The defendant is a mutual water company. The plaintiff brought this action to obtain an injunction restraining the defendant from making excavations and laying water-pipes through certain parcels of land alleged

---

5. See 9 Cal. Jur. 15; 8 R. C. L. 889.

to belong to plaintiff. In addition to denying many allegations of the complaint, the answer alleges as a separate defense: "That on June 16, 1910, a map entitled 'Map of Waits Subdivision' was filed in the office of the county recorder of Kern County by plaintiff; that the property set forth in plaintiff's amended complaint is particularly set forth and described in said map as reserved for public use for whatever public purpose they are intended; and said mentioned property . . . is set forth and designated on said map as streets and alleys respectively; that following the recordation of said map plaintiff made numerous conveyances of lots in said Waits Subdivision in which conveyances reference was made to the said map; . . . that since June 16, 1910, the property described in plaintiff's amended complaint has been traveled over generally by the public and is now being generally traveled over by the public; that on the 24th day of February, 1920, the board of supervisors of Kern County declared the property . . . to be public highways; that on the 16th day of May, 1921, the said board of supervisors of Kern County granted to defendant permission to lay water pipes in, along and through the property."

The findings recite that the case was submitted upon an agreed statement of facts and the court found that the plaintiff was not, at the times mentioned in the complaint, the owner of the parcels of land described therein, but that "said lots were and are public highways." Judgment was entered denying an injunction and awarding defendant its costs of suit. The plaintiff has appealed from the judgment. The plaintiff filed with the clerk a notice stating that he had appealed from the judgment and requesting "that a transcript of all the proceedings, records and documents in said cause be made up and prepared, including the judgment roll, stipulation of facts, all exhibits, all rulings, instructions, statements and minute orders of the court." The clerk's transcript, certified by the clerk alone, is the only record brought up on appeal. It sets forth at length what purports to be the "stipulation of facts" upon which the cause was submitted to the trial court for decision.

[1] "It is competent for the clerk to certify only the judgment roll and the notice of appeal." (*Lake* v. *Harris,* 198 Cal. 85 [243 Pac, 417].) Appellant suggests a diminu-

tion of the record and has applied for an order "permitting him to file a duplicate of those portions of the transcript now on file, to-wit, stipulation as to the facts of the case, minute order of trial and submission, . . . accompanied by the certificate of the judge who tried the case that the same are correct." It does not appear that the trial judge has authenticated that portion of the record in the trial court now sought to be brought up or that appellant has taken any steps to procure an authentication thereof. [2] "It is the court below, and not the appellate court, which has authority to amend the record itself, although the appellate court may correct the transcript in order to make it correspond to the record. Consequently, an appellant cannot file, upon a suggestion of the diminution of the record, orders of the lower court which do not form any part of the record on the appeal; nor request a supplemental transcript containing matters which have not been made a part of the record." (2 Cal. Jur. 677; *Espinosa* v. *Gould,* 47 Cal. App. 316, 318 [190 Pac. 481].) [3] Upon application by appellant to the trial court for the authentication of items improperly included in the clerk's transcript, the respondent would have the right to object to the inclusion of any such items in the record before the settlement and allowance thereof. (Code Civ. Proc., sec. 953a; *Lake* v. *Harris, supra.*) Waiving all defects in the record on this appeal, however, and giving full consideration to the agreed statement of facts, it clearly appears therefrom that plaintiff is not entitled to judgment.

[4] It appears from such agreed statement, in so far as material to the questions presented by this appeal, that the facts are as hereinafter stated. The plaintiff, being the owner of a certain tract of land, subdivided it into 68 lots, generally 50 by 100 feet in size, leaving convenient streets and alleys running through the tract. June 16, 1910, he filed and caused to be recorded in the office of the county recorder a map of such subdivision, showing the said lots, numbered from 1 to 68, and the said streets and alleys, designated as such on the map. Attached to the map was plaintiff's certificate stating that the map "particularly sets forth and describes all the parcels of land within said subdivision reserved for public use by their boundaries, courses and extent for whatever public purpose they are intended,

and also lots for sale by their numbers and dimensions.''
The plaintiffs thereafter conveyed all but six of the lots to
various persons. ''All such conveyances have been made
by reference to the said map.'' The streets designated
''on said map have been at all times herein mentioned trav-
eled over generally as highway by the public.'' May 16,
1921, the board of supervisors made an ''order permitting
the defendant herein to lay water mains in and along''
said streets. Thereafter the defendant laid ''pipes in and
along'' said streets ''for the purpose of conducting water to
its stockholders . . . and is now conducting water to its
said stockholders of which there are nine in said . . . sub-
division and intends to and will serve all people residing
in said . . . subdivision who become members of the said
defendant company.'' The plaintiff was, at all times men-
tioned, engaged, as a public utility, in the sale and dis-
tribution of water for domestic and irrigation purposes to
various persons residing in the subdivision, and for that
purpose he had laid water-pipes in the streets thereof. The
defendant's water-pipes are located near the curbs on the
opposite sides of the streets from the lots now owned by
the plaintiff.

[5] It is clear that the plaintiff dedicated the streets
in question to public use. A dedication consists of an
offer and acceptance. ''The acceptance may be actual or
implied. It is actual when formal acceptance is made by
the proper authorities, and implied when a use has been
made of the property by the public and for such a length
of time as will evidence an intention to accept the dedica-
tion.'' (*County of Inyo* v. *Given*, 183 Cal. 415, 418 [191
Pac. 688].) ''It is not necessary that the acceptance by
the public be manifested by any direct action, ordinance or
declaration of the public authorities.'' (*Venice* v. *Short
Line Beach Land Co.*, 180 Cal. 447, 450 [181 Pac. 658,
660].) [6] It is not contended that the streets are not
public highways, but that such highways are mere ease-
ments and that the title to the land over which they pass,
subject to the easements, remains in the owner of the soil.
This may be conceded. (*Porter* v. *City of Los Angeles*, 182
Cal. 515, 519 [189 Pac. 105].) ''An owner of land bounded
by a road or street is presumed to own to the center of the
way, but the contrary may be shown.'' (Civ. Code, sec.

831.) "A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." (Civ. Code, sec. 1112.) As no different intent appears from the agreed statement of facts, it must be presumed that each conveyance made by the plaintiff transferred to the grantee "the soil of the highway in front to the center thereof." It follows that the plaintiff is not the owner of any of the lands in which the defendant maintains its water-pipes and, therefore, is not entitled to judgment.

It would serve no useful purpose to permit the appellant to file a supplemental transcript and his application therefor is denied.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.