[Civ. No. 4050.   Third Appellate District.—May 6, 1930.]

FRANCES M. WULFERDINGER, Respondent, v. PICK-WICK STAGES SYSTEM (a Corporation), Appellant.

510

Theodore Hale, Barry J. Colding, B. P. Gibbs, Mannon & Brazier and Carroll B. Crawford for Appellant.

Philip R. McEnerney, Charles Reagh, Martin Pence and Thomas Anglim for Respondent.

THOMPSON (R. L.), J.—This is a motion on the part of the appellant for a diminution of the record by requiring the court reporter to certify as a part of the transcript of testimony the deposition of the plaintiff which was duly taken pursuant to law prior to the trial. The appeal was

perfected pursuant to section 953a of the Code of Civil Procedure.

■ It is asserted that this deposition is a proper and necessary part of the record, since it was offered in evidence by the appellant under section 2022 of the Code of Civil Procedure, and for impeachment purposes. It was, however, properly rejected by the court. This court may not direct it to be certified as a part of the record on appeal for two reasons. It does not impeach the witness upon the ground claimed by the appellant. It was not marked for identification during the progress of the trial.

The appeal was taken from a judgment for plaintiff for injuries sustained while riding as a passenger in the auto-stage of the defendant. Prior to the trial her deposition was duly taken and returned to the court in the manner provided by statute. The plaintiff was called and examined at the trial as a witness in her own behalf. With respect to the speed of the stage upon which she was riding at the time of the accident in question she testified: "Q. At what speed was the car going when you passed that bridge (just before the accident)? A. Well, it was going faster—faster than we were coming from the Springs; I should say perhaps forty-five miles an hour." Upon cross-examination the plaintiff was asked no question regarding the speed of the stage. Subsequently, as a part of the defendant's case the deposition of the plaintiff was offered in evidence under the provisions of section 2022 of the Code of Civil Procedure. Counsel for the defendant stated that he wished to read it as the testimony of the plaintiff which was taken pursuant to section 2055 of the Code of Civil Procedure. Upon objection this was refused. By permission of the court she was then called by the defendant and further cross-examined under the provisions of the last-mentioned section. ■ Having had an opportunity to fully cross-examine the witness upon this subject matter, the right to further cross-examine her in this manner was discretionary with the court. (Sec. 2050, Code Civ. Proc.) Upon further cross-examination the witness was asked if in the giving of her deposition she did not say, "The bus was going along at a rate of speed of about thirty-five miles an hour until about seven miles before we came to Ukiah, where it left the road and went down into a river bed . . . ," to which inquiry she replied, "If

that's my deposition, I must have said it; I don't remember." This was not a denial that she had made the statement read to her from the deposition. Moreover, the deposition was not thereafter offered to impeach her. No purpose for reading the deposition in evidence except to impeach the plaintiff upon her testimony with respect to the speed of the stage was assigned. When the reading of the deposition was first offered by the defendant the attention of the court was not called to any material subject matter which it contained that was not fully covered by her previous oral examination at the trial. ■ The deposition of the witness having been taken under subdivision 1 of section 2021 of the Code of Civil Procedure as a party to the action, the defendant would have been entitled to read it in evidence, notwithstanding her personal appearance at the trial, provided it contained anything material to the issues which were not covered by her oral examination at the trial. It is not claimed any such omitted evidence is contained in the deposition. ■ The permission to read the deposition of a witness, under section 2022 of the Code of Civil Procedure, when he is a party to the action and all the material evidence therein contained has been fully covered by an examination of the witness at the trial is discretionary with the court. Section 2050 of the Code of Civil Procedure applies to this sort of an examination like the re-examination of the same witness at the trial of the case. That section provides that: "A witness once examined cannot be re-examined as to the same matter without leave of the court, but he may be re-examined as to any new matter upon which he has been examined by the adverse party. And after the examinations on both sides are once concluded, the witness cannot be recalled without leave of the court. Leave is granted or withheld, in the exercise of a sound discretion."

■ Moreover, this deposition was not marked or requested to be marked for identification. Documents which are not a part of the judgment-roll must be authenticated by the proper court officer as having been used or referred to at the trial, to entitle them to become a part of the transcript on appeal. In the *Estate of Broome*, 169 Cal. 604 [147 Pac. 270, 271], it is said: "It is axiomatic that papers not properly au-

thenticated as having been used on a hearing . . . cannot be considered on appeal." (*Somers* v. *Somers,* 81 Cal. 608 [22 Pac. 967].)

The motion for a diminution of the record is denied.

Finch, P. J., and Plummer, J., concurred.