[Civ. No. 9191. First Appellate District, Division Two.—September 6, 1933.]

In the Matter of the Guardianship of the Person and Estate of CAESAR CARNIGLIA, an Incompetent Person.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Randall O'Neill, Morettini & O'Neill and G. A. Martinelli for Respondent.

SPENCE, J.—This is a motion by appellant, J. M. Toner, as director of the department of institutions, upon sugges-

tion of diminution of the record, for an order of this court directing the trial court and the clerk thereof to prepare and certify a supplemental reporter's transcript and a supplemental clerk's transcript containing copies of an exhibit and a petition alleged to have been omitted from the original transcripts on file.

The trial court heard the petition for settlement of the guardian's first account and appellant's objections to the various items thereof. Said account showed that there was no money or property remaining after the payment of the obligations of the incompetent. During the course of the hearing counsel for appellant stated, "I would like to introduce some certificates from the County Clerk's Office of San Mateo County to the effect that there is nothing on file showing restoration to capacity after the original commitment in 1910, for that commitment." The court said, "Very well," and after hearing the objection of counsel for the guardian, further said, "Objection overruled." The hearing then proceeded, but no such certificates or certificate were read in evidence nor does it appear that any such certificates or certificate were presented for marking as exhibits. Later on counsel for appellant said, "I have prepared a petition for an order directing payment to the Department of Institutions for this man's keep under Section 2181 of the Political Code, and also a copy of an order—I presume it will be denied." The court then said, "Yes, there isn't anything left to pay." At the conclusion of the hearing, the court orally made its order settling the account and thereafter a written order was filed overruling appellant's objections to the account and settling the same.

In support of his motion appellant calls attention to the above-mentioned portions of the record and contends that "an exhibit" has been omitted from the reporter's transcript and that "a petition" has been omitted from the clerk's transcript. In opposition to the motion counsel for the guardian has submitted numerous affidavits purporting to show that neither the alleged exhibit nor the alleged petition ever became part of the record in the trial court. These affidavits further relate to an occurrence on the day of the hearing, but after the hearing had been concluded. The trial court had ordered the account settled and counsel for the guardian had left the courtroom. The reporter's

transcript discloses that at said time counsel for appellant again addressed the court and said, "May I put these three documents in evidence (showing three documents)?" An attorney who had no connection with the proceeding pointed out to the court that counsel for the guardian was no longer present. Counsel for appellant then said, "If there is any objection I will take them out. They are withdrawn. (Referring to the three documents.)" Counsel for appellant has objected to the consideration by this court of the affidavits mentioned above, but it is only through these affidavits that it appears that any documents prepared by appellant ever came into possession of the clerk of the trial court. It appears from said affidavits that counsel for appellant, after stating the three documents were withdrawn, left them on the clerk's desk, but that said three documents were never filed or marked in any manner. It may be further noted that it is impossible to ascertain from the record or from any showing made on this motion whether the identical certificates and petition referred to on the hearing were among the documents left on the clerk's desk after the hearing had been concluded.

■ Without regard to the affidavits presented in opposition to the motion, we are of the opinion that appellant's motion must be denied. The record shows that counsel for appellant merely stated that he "would like to introduce some certificates", but after obtaining an expression of the trial court's assent thereto he proceeded with testimony along other lines without completing the introduction in evidence of the certificates or certificate to which he had referred. This court may not direct the trial court to certify an alleged exhibit which was not read in evidence nor identified in any manner. (See *Wulferdinger* v. *Pickwick Stages System,* 105 Cal. App. 509 [288 Pac. 93].) Furthermore, appellant has failed to make it appear that the alleged exhibit would be material in the determination of the merits of the appeal.

■ The petition to which appellant refers was not filed prior to or during the hearing. In the trial court counsel for appellant merely stated that he had "prepared a petition" and that he presumed that it would be denied. The trial court indicated that such would be its ruling. A filing of a petition after the conclusion of the hearing would not

be timely but it does not appear that any petition was filed at any time. If said petition was among the documents which appellant offered "in evidence" after the hearing had been concluded, the mere leaving of said documents upon the clerk's desk with the statement that they were "withdrawn" would not constitute a filing so as to entitle the appellant to have them incorporated in the clerk's transcript.

The motion is denied.

Dooling, J., *pro tem.*, concurred.

NOURSE, P. J., Concurring.—I concur in the order upon the last ground stated—that it does not appear that the proposed exhibits are material on this appeal. I do not approve the provincial tactics which took advantage of counsel's oversight in not insisting upon having the exhibits marked in the presence of the court while at the same time and under like circumstances an exhibit offered by local counsel was included in the record and certified as having been duly filed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 6, 1933.