[Civ. No. 1855. Fourth Appellate District.—October 18, 1937.]

THE PEOPLE, Appellant, v. SOUTHERN PACIFIC RAIL-
ROAD COMPANY, Respondent.

Clarence W. Morris, Lincoln V. Johnson, George C. Hadley
and Holloway Jones for Appellant.

McFadzean & Crowe for Respondent.

BARNARD, P. J.—The appellant has moved for diminu-
tion of the record seeking to have a certified copy of a cer-
tain map made a part of the record on appeal by order of this
court. The map in question is one filed by the respondent
with the United States land office at Washington, D. C., in
September, 1872.

In affidavits filed on behalf of the appellant it is stated
that during the argument at the close of the trial in this
case counsel for the appellant referred to this map as iden-
tifying and describing the respondent's right of way and
station reservation in the city of Tulare, and that the same
would show that the land sought to be condemned in this
action was within such right of way and station reservation,
a point which was material to the case; that the appellant
requested permission to procure a copy of the map and file
the same as an exhibit in the case, which permission was

granted by the trial judge; that oral argument was concluded on June 4, 1936, and appellant was given permission to file a brief accompanied by the map to which reference had been made; that a copy of the map was procured and forwarded to the trial judge on July 3, 1936, together with the opening brief; and that subsequently said opening brief and map "were filed by the court with the County Clerk among the record and pleadings" pertaining to said case. A copy of the map is attached to one of the affidavits.

An affidavit filed on behalf of the respondent states that at the time of the argument referred to the appellant did not request permission to file this map as an exhibit and did not receive such permission; that the trial court did permit the appellant to file a written brief in support of its contentions which was accompanied by the map; that this map was never offered or received in evidence as an exhibit; and that the said map was not included in the transcript for the reason that it was never received or offered in evidence as an exhibit or offered or received in evidence in any other manner. It is then stated that this map does not disclose the boundary of the right of way and station reservation of the respondent in the city of Tulare, and that it would be of no assistance to the court in determining the issues presented on this appeal.

So far as here appears the map which the appellant desires to have made a part of the record on appeal was never received as an exhibit, was not marked for identification, and has never been identified or in any way authenticated by the proper court officer as having been used or referred to at the trial. Under these circumstances an appellate court cannot add something to the record which, so far as appears, was never made a part thereof. (*Ferguson* v. *Oildale Mutual Water Co.*, 78 Cal. App. 74 [248 Pac. 256]; *Wulferdinger* v. *Pickwick Stages System*, 105 Cal. App. 509 [288 Pac. 93]; *In re Guardianship of Carniglia*, 134 Cal. App. 106 [24 Pac. (2d) 944].) It may be further observed that the appellant has failed to show wherein the map in question contains information which would be of assistance in determining the merits of the appeal.

The motion is denied.

Marks, J., and Jennings, J., concurred.