**KING, Appellee v PAYLOR. etc., Appellant.**

Ohio Appeals, 2nd District, Hamilton County.

No. 6125. Decided March 16, 1942.

Fred L. Hoffman, Cincinnati, for appellee.
Cobb, Schott. Tieman & Neyer, Cincinnati, for appellant.

## OPINION

By MATTHEWS, PJ.

This cause comes before the court upon the appellee's motion to dismiss the appeal on the ground that the notice of appeal was not filed within the time allowed by the statute.

The judgment was entered on the journal on January 23rd, 1942. The notice of appeal bears the stamp of the clerk showing that it was filed on February 13th, 1942. By excluding the first day and including the last, as required by §10216 GC, it is disclosed that this notice was filed on the 21st day after the judgment.

It appears by affidavit that counsel for the appellant went to the court house on February 12th, with the intention of filing the notice of appeal on that day, but owing to the custom of closing the court house on the anniversary of Lincoln's birth, neither the clerk nor any of his deputies was in attendance. In that situation, counsel was admitted to the clerk's office by a watchman or custodian, employed by the county commissioners, and the notice of appeal together with a note addressed to the clerk stating that the notice was being left for filing as of that date was left on the desk of the filing deputy, who found it there the next morning, assumed custody of it and placed the office stamp on it, showing that it had been filed as of that date.

While Lincoln's birthday is made a legal holiday by §8301 GC, as that phrase is used in the Negotiable Instruments' Act, it has not been made a holiday for all purposes. or for the purpose of procedure or that computation of time in which a procedural act should be done.

By **Section 12223-4 GC,** it is provided that: "The appeal shall be perfected when written notice of appeal shall be filed with the lower court, tribunal. officer or commission", and by §12223-7 **GC,** this must be done within twenty days of the judgment, or the overruling of a motion for a new trial duly filed.

By **Sections 2874** and **2875 GC,** the Clerk of Courts is made the

custodian of all papers of the court and required to stamp on each paper the time of filing.

We are, therefore, required to determine whether the leaving of a paper in the clerk's office without the knowledge of the clerk is a filing of the paper with the clerk within the meaning of the law.

We find no analogous Ohio case. In Shipp v Brown, 20 N. P. (ns), 223, the clerk had provided a filing box for the specific purpose of a repository for papers to be filed with him after closing hours, and had recognized the paper as filed with him when so deposited by stamping it as filed of that date.

We find no such circumstance in this case. The contrary custom prevailed and anyone desiring to file a paper sought the clerk or his deputy, who would come to the office to receive the paper.

From the derivation and history of the term as well as the decisions applying it, it is clear that it indicates that a filing can only be accomplished by bringing the paper to the notice of the officer, so that it can be accepted by him as official custodian. Ferguson v Long, 341 Mo. 182, 107 S. W. (2d) 7 at 10; Hoyt v Stark, 66 Pac. 223, 134 Cal. 178; and In Re Carniaglia's Guardianship, 134 Cal. App. 106, 24 Pac. (2d) 944.

It seems to us that this rule should not be relaxed in the absence of some action by the Clerk indicating an intention to assume responsibility for papers left at his office without his knowledge. In addition, litigants are charged with knowledge of papers that are filed in pending cases. It would be straining that principle to apply it to a paper of which the clerk himself had no knowledge, and the presence of which was not evidenced by any notation upon the records of his office.

The motion to dismiss is sustained.

HAMILTON & ROSS, JJ., concur.