INSURANCE COMPANY OF NORTH AMERICA, Appellant,

v.

REESE REFRIGERATION, Appellee.

[Cite as *Ins. Co. of N. Am. v. Reese Refrig.* (1993), 89 Ohio App.3d 787.]

Court of Appeals of Ohio,
Hancock County.

No. 5–93–16.

Decided Aug. 11, 1993.

*Manahan, Pietrykowski, Bamman & Delaney, Ted B. Riley* and *Jeffrey J. Madrzykowski,* for appellant.

*Oxley, Malone, Fitzgerald & Hollister* and *Dennis M. Fitzgerald,* for appellee.

EVANS, Presiding Judge.

This is an appeal by the plaintiff, Insurance Company of North America, from a judgment of the Findlay Municipal Court dismissing its complaint against Reese Refrigeration, appellee, as being time-barred according to R.C. 2305.10. Because of the issues raised in this appeal, we have *sua sponte* removed this case from the accelerated calendar.

The complaint filed by appellant was based in tort and alleged that on April 15, 1990, appellee negligently repaired a heat exchange unit located on property owned by KDC Company and insured by appellant. On April 21, 1990, the unit repaired by appellee began to leak water, causing $7,430 worth of damage to property owned by KDC Company.

Because the complaint was file-stamped by the clerk's office on April 24, 1992, appellee asserted that the statute of limitations had lapsed and requested the court to dismiss the complaint. Contending that the complaint had been mailed to the clerk by overnight express mail on April 14, 1992, appellant filed a motion asking the court to change the filing date to April 15, 1992, pursuant to Civ.R. 60(A). The record indicates appellant was given several opportunities to provide the court with additional documentation regarding the transmittal of the complaint. The issue was submitted to the court with the parties stipulating to the following facts:

"2. The Complaint in this matter was sent overnight express mail on April 14, 1992 to the Findlay Municipal Court. * * *

"3. The Post Office attempted to deliver [the complaint] on April 15, 1992 at 7:05 a.m. to the Findlay Municipal Court. * * *

"4. The business hours of the Clerk of the Findlay Municipal Court are 8:00 a.m. to 5:00 p.m. weekdays.

"5. It is not established by either the postal records or the records of the Clerk of the Findlay Municipal Court when the complaint was ultimately delivered to the Clerk for filing.

"6. The Complaint was ultimately filed by the Clerk of Courts' office and dated April 24, 1992 at 2:28 p.m.

"7. It has become known that the Clerk of Courts [*sic*] personnel did not always immediately file-stamp new suits received in the mail.

"8. The office of [appellant's attorney] confirmed the actual filing date, telephonically within a few days of April 24, 1992."

On March 2, 1993, the trial court decided that the two-year statute of limitations set forth in R.C. 2305.10 applied to the case and that appellant's

complaint was not timely filed.[1]  The court reasoned that appellant bore the responsibility to ensure delivery of its complaint to the clerk's office in a timely fashion, and there was nothing in the record to establish that appellant's complaint was filed prior to April 24, 1992.  The trial court granted appellee's motion to dismiss the complaint.

From this judgment appellant appeals, asserting two assignments of error:

"The trial court erred in granting the defendant-appellee Reese Refrigeration's motion to dismiss based upon the statute of limitations.

"The trial court erred in converting defendant-appellee Reese Refrigeration's motion to dismiss into a motion for summary judgment without giving proper notice to the parties."

The ultimate issue we must decide is whether the trial court erred in deciding April 24, 1992 was the date appellant's complaint was filed.  The necessity of determining the date a document was actually filed is not a new problem.  In a comparatively old case the Supreme Court of Ohio stated that a paper is "filed" when it is delivered to the proper officer and received by that officer to be kept in its proper place in his office.  *King v. Penn* (1885), 43 Ohio St. 57, 61, 1 N.E. 84, 87.  Simply leaving a document for the clerk to find later does not constitute "filing" the paper.  *King v. Paylor* (1942), 69 Ohio App. 193, 196, 23 O.O. 594, 595, 43 N.E.2d 313, 315.  The filing of a document can only be accomplished by bringing the paper to the attention of the clerk, so it can be accepted by him as the official custodian.  *Id.*

An application of the above definition for "filing" is implicit in *Kloos v. Ohio Dept. of Rehab. & Corr.* (May 3, 1988), Franklin App. No. 87AP–1215, unreported, 1988 WL 44745.  In *Kloos,* the plaintiff's complaint was file-stamped beyond the period permitted by the statute of limitations.  Because the plaintiff produced a certified mail receipt card showing his complaint was timely delivered to the Court of Claims' office and received by an agent for the court, the file-stamp date on the complaint was not permitted to serve as the basis for barring the plaintiff's claim.  There was evidence the complaint was delivered and received within the statute of limitations.

The endorsement upon the document by the clerk of the fact and date of filing is evidence of such filing.  *Penn,* 43 Ohio St. at 61, 1 N.E. at 87.  Because clerks generally file-stamp papers immediately upon delivery and receipt, the file-stamp date is usually indicative of the date the paper was filed.  See *In re Hopple* (1983), 13 Ohio App.3d 54, 55, 13 OBR 58, 58–59, 468 N.E.2d 129, 130; *Toledo v.*

---

1.  The parties do not challenge the trial court's application of the two-year statute of limitations.

*Fogel* (1985), 20 Ohio App.3d 146, 149, 20 OBR 180, 182, 485 N.E.2d 302, 305. Moreover, R.C. 1901.31(E), 2303.08 and 2303.10 require the clerk of courts to endorse the date of filing on each pleading or other document filed in a case, thereby creating a presumption that the file-stamped date reflects the date of the filing.

In its first assignment of error, appellant contends the trial court erred in relying on the file-stamp date in granting the motion to dismiss the complaint. Appellant attempted to refute April 24, 1992 as the date its complaint was filed. Appellant, however, produced no evidence indicating the complaint was filed on any day other than April 24, 1992. In fact, appellant stipulated that it could not be determined when the complaint was actually delivered to the clerk for filing. Therefore, the only confirmed indication of when the complaint was delivered to and received by the clerk was the date indicated by the file-stamp. Any other date would be conjecture.

"When construing a complaint for purposes of ruling on a Civ.R. 12(B)(6) motion for dismissal due to the bar of the statute of limitations, the complaint must conclusively show on its face that the action is barred by the expiration of the limitations period. * * * In ruling upon a motion to dismiss, the court is required to interpret all material allegations in the complaint as true and taken as admitted. * * * Only where it is apparent beyond doubt from the face of the complaint that a plaintiff can prove no set of facts upon which recovery could be granted is the movant entitled to dismissal of the action. * * * " (Citations omitted.) *Esselburne v. Ohio Dept. of Agriculture* (1990), 64 Ohio App.3d 578, 580, 582 N.E.2d 48, 50.

On the face of appellant's complaint, the action was time-barred. Because the complaint was file-stamped more than two years after the cause of action accrued, appellant could prove no set of facts upon which it could be granted recovery. The complaint conclusively showed on its face that the action was barred by the expiration of the limitations period. Only if the court looked beyond the complaint and considered extraneous factors evidencing that the complaint was timely filed would the complaint be able to survive a Civ.R. 12(B)(6) motion for dismissal. Although the trial court requested such documentation, appellant failed to produce any concrete evidence demonstrating the complaint was timely filed. Faced with this dilemma, the trial court ruled that the file-stamp date would be considered as the date the complaint was filed. We find no error in the trial court's reasoning.

Appellant cites *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 588, for the proposition that all reasonable inferences must be drawn in its favor as the party against whom the Civ.R. 12(B)(6) motion was made. Drawing

reasonable inferences in favor of the nonmoving party, however, applies to facts alleged in the complaint in order to determine whether the allegations have sufficient merit to afford the complainant any possibility of winning at trial. See *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755. Appellant contends the timely filing of its complaint may be inferred from the fact that the complaint was sent by overnight express mail and that the clerk's office sometimes failed to timely file-stamp documents received in the mail. These facts, however, are not found in the complaint and are not to be utilized in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted.

Moreover, even if we were to consider the inferences appellant asks us to draw in its favor, concluding that the complaint was timely filed would require improperly stacking these inferences upon one another. See *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 329, 332, 58 O.O. 122, 123–124, 130 N.E.2d 820, 823. First, it must be inferred that the actual delivery of the complaint by the post office was made prior to the expiration of the statute of limitations. Then, relying on the inference of timely delivery by postal officials, it must be inferred that although personnel in the clerk's office received the complaint for filing, they inexplicably delayed file-stamping the document for over a week. Appellant admitted it could not demonstrate when actual delivery was made. Further, the stipulation that the clerk's personnel did not "always immediately file-stamp new suits received in the mail" is insufficient to infer that is· what happened in the instant case.

In its second assignment of error, appellant contends the court converted the motion to dismiss into a summary judgment action without affording the parties notice as required by *Fraternal Order of Police v. D'Amico* (1982), 4 Ohio App.3d 15, 4 OBR 36, 446 N.E.2d 198, and *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285.

We do not find that the trial court converted the motion to dismiss into a summary judgment proceeding. Civ.R. 12(B) indicates that a motion to dismiss for failure to state a claim upon which relief can be granted must be treated like a motion for summary judgment only where the motion (1) presents matters outside the pleadings, and (2) the court relies on such matters.[2] First, it was not

---

2. The relevant part of Civ.R. 12(B) states:

"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

necessary for the court to consider anything other than the pleadings in order to dismiss the complaint. On its face, the complaint was time-barred. Second, there is nothing in the record indicating the court considered extraneous facts presented by the parties. Although the trial court's journal entry included the stipulated facts submitted by the parties, this bare recitation of facts does not automatically mean the court converted the motion to dismiss into a summary judgment motion. The court simply reiterated the stipulated facts of the case. A careful reading of the court's conclusions of law shows the court excluded these matters in making the decision to dismiss the complaint.

Even if the court had converted the motion to dismiss into a summary judgment proceeding, appellant was not harmed by any lack of formal notice. The purpose of providing the parties with notice of such a conversion is to afford them a "reasonable opportunity" to demonstrate whether a genuine issue of fact exists. *Petrey,* 4 Ohio St.3d at 156, 4 OBR at 398, 447 N.E.2d at 1287. See, also, *Pollock v. Kanter* (1990), 68 Ohio App.3d 673, 678–679, 589 N.E.2d 443, 446. In the present case, the court did afford the parties with notice it was willing to consider matters outside the pleadings. Appellant was aware the trial court had to determine when the complaint was filed. That is what appellant asked the court to do when it filed the Civ.R. 60(A) motion to correct the file-stamp date. The record also indicates the court asked appellant for documentation regarding this issue. Therefore, appellant had a reasonable opportunity to respond and did, in fact, respond by stipulating to various facts. Because appellant stipulated that neither the postal records nor the clerk's records indicated when the complaint was delivered by the post office, let alone accepted by the clerk for filing, there was nothing appellant could show to prove that its complaint was filed any time other than the date indicated by the clerk's file-stamp. The trial court had no choice but to accept April 24, 1992 as the day the complaint was filed.

For reasons not established in the record, appellant waited until the last moment before filing its complaint. It is incumbent upon parties in a lawsuit to ensure their pleadings and other documents are timely delivered and accepted by the clerk for filing. In the present case appellant sent its complaint by overnight express mail. To the credit of the postal service, delivery of the complaint was attempted the next morning. However, the attempted delivery was too early for anyone to be present in the clerk's office and accept the package.

Appellant failed to send the complaint by a means which would guarantee its being filed prior to the expiration of the statute of limitations. For example, appellant could have personally delivered the complaint or sent it by special courier. We also note appellant admits not contacting the clerk's office to ensure the complaint was filed until "within a few days of April 24, 1992." The purpose of a statute of limitations is to ensure that claims brought to the courts for

resolution are relatively fresh and before the memories of the witnesses are clouded by the passage of time. Considering appellant's inaction in this case, it would be unfair to appellee to construe a filing date other than that reflected by the clerk's file-stamp. Furthermore, any such action would amount to sheer speculation.

The assignments of error are overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.