STEVENSON, Appellant,

v.

WENNER, Exr., Appellee.

[Cite as *Stevenson v. Wenner* (1995), 102 Ohio App.3d 289.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-94-27.

Decided March 30, 1995.

*Rakestraw & Rakestraw* and *Robert L. Hunt,* for appellant.

*Lather & Koehler* and *John Koehler,* for appellee.

HADLEY, Judge.

Plaintiff-appellant, Donald G. Stevenson, appeals from the judgment entry in the Hancock County Court of Common Pleas, Probate Division, dismissing appellant's complaint as not being timely filed.

Appellant asserts as his sole assignment of error:

"The [trial] court erred in dismissing the complaint on the grounds that a proper complaint was not timely filed."

Appellant and defendant-appellee, Shirley Wenner, Executor of the Estate of Hazel R. Foster, Deceased,[1] stipulated in the trial court that, pursuant to R.C. 2107.19(A)(1), an Affidavit of Service of Notice of Probate of Foster's Will was filed in the trial court on July 29, 1993, in case No. 93–341 in the Hancock County Court of Common Pleas, Probate Division. Therefore, pursuant to R.C. 2107.76,

---

1. Appellant named other defendants in his complaint, but only Wenner has filed a brief in this appeal.

appellant had four months from the date of filing of the affidavit to file a complaint contesting the validity of the will, or until November 29, 1993.

The docket sheet and file-stamped complaint in the record on appeal indicates that appellant's complaint was filed in the trial court on November 30, 1993. Appellee raised as an affirmative defense in her answer to appellant's complaint that appellant's complaint was not timely filed, as he had four months within which to file a complaint contesting the validity of the will, and that complaint was filed one day late.

On March 28, 1994, a hearing was held in the trial court on the issue of whether appellant's complaint was timely filed. At that hearing, testimony was heard concerning the events of November 29 and 30, 1993.

On November 29, 1993, Lorena Schwab ("Schwab"), an employee of the attorney representing appellant, went to the trial court to file the complaint to contest Foster's will and codicil. Pursuant to her normal routine when filing papers in the probate division, Schwab gave the complaint to Judy Houdeshell ("Houdeshell"), a probate court clerk, to be filed, Houdeshell gave Schwab a receipt for the cost deposit for the filing of the complaint, Schwab checked for any mail for her employer, and left the probate court. Schwab testified that normal procedure for her was to give the paper to be filed with the probate clerk, leave, and the clerk would file stamp it and put the relevant copies in the drawer for Schwab's employer. Schwab did not receive any copies of the complaint prior to leaving the courthouse at that time.

The receipt given to Schwab on November 29 by the probate clerk was placed in the record, and reflects that on November 29, 1993, Houdeshell received $50 from Schwab's employer for a filing deposit for "Hazel R. Foster Contest Will," and given the case No. 93–342–A.

Upon Schwab's return to her place of employment on November 29, she received a telephone call from probate court, informing her that the wrong executor had been named on the complaint. The complaint taken to the trial court on November 29 allegedly listed Cheryl Wenner as the executor of Foster's will, when the true executor was named Shirley Wenner. Schwab referred the call from probate court to her employer. Houdeshell testified that Schwab returned the afternoon of November 29 and picked up the original complaint. Schwab later made changes to the document, and delivered the new complaint to probate court the next morning, November 30, 1993. This complaint was assigned case No. 93–590WC.

Houdeshell testified that she had filed the original complaint received by her on November 29; however, there was no copy of the complaint in the trial court's file of the case and none is reflected as having been filed on that date in the

record. At the hearing on this issue, appellant did not produce a copy of the complaint that was allegedly filed on November 29 and subsequently picked up by Schwab on November 29.

On March 29, 1994, the trial court set forth in a judgment entry the stipulations of appellant's and appellee's respective counsel at the March 28 hearing, namely:

"1. The Affidavit of Service as required by Ohio Revised Code Section 2107.19 was filed with the Court on July 29, 1993.

"2. The Complaint to Contest Will and Codicil [filed by appellant] bears a court file stamp of November 30, 1993.

"3. Defendant Shirley Wenner has established a prima facie case that the Will Contest Complaint was not timely filed."

After receiving memorandum from both parties on the issue, the trial court filed its judgment entry on June 13, 1994, wherein it dismissed appellant's complaint. The trial court determined that appellee had not received notice of appellant's institution of the will contest action within the statute of limitations period.

Appellant relies upon Civ.R. 15(C) and (E) in his brief to argue that the "original" complaint of November 29 was properly filed, and the November 30 complaint was an amendment of the November 29 pleading, or a supplemental pleading to the November 29 original pleading.

A reading of Civ.R. 15(C) and (E) indicates that before either division of that rule is triggered, the original complaint must have been timely filed within the statute of limitations period relative to the plaintiff's cause of action. Therefore, the first issue that must be resolved in this case is when the complaint was filed for purposes of initiating the will contest action.

■ As this court has previously stated, the file-stamped date on the pleading creates a presumption as to its date of filing. *Ins. Co. of N. Am. v. Reese Refrigeration* (1993), 89 Ohio App.3d 787, 791, 627 N.E.2d 637, 639. However, the party alleging a different date of filing can overcome that presumption by presentation of evidence of, for example, testimony by the court clerk that a pleading was received by him and he retained custody of the pleading "in its proper place in his office" prior to the file-stamped date on the document. *Reese Refrigeration, supra; King v. Penn* (1885), 43 Ohio St. 57, 61, 1 N.E. 84, 86.

■ Herein, it is not disputed that the only file-stamped copy of appellant's complaint in the record bears the date November 30, 1993, and contains the case No. 93–590WC. Appellant did not produce the copy that was allegedly file-stamped on November 29 by the clerk and picked up by Schwab on November 29. The receipt dated November 29 for the filing deposit of this action bears the case

No. 93–342–A, different from the case number assigned to the complaint filed on November 30. The record does not contain any evidence of the date of filing from the probate court's journals. Moreover, the probate court did not retain custody of the November 29 complaint.

The record before us leads us to the conclusion that appellant did not overcome the presumption that his complaint was filed on November 30, 1993. There is no record, other than Schwab's and Houdeshell's testimony that a complaint similar to the one received by appellee was given to Houdeshell on November 29 (and subsequently returned to Schwab on the same date), that the complaint in this action was filed on November 29. Before we could conclude that a complaint to contest Foster's will was filed by appellant on November 29, we would need to review that complaint that was allegedly filed on November 29, which complaint is not made a part of the record on appeal. If we had the November 29 complaint, we could determine if it was actually filed on that day. We could then compare it to the complaint filed on November 30, and properly review appellant's argument that the complaint filed on November 30 was an amendment of the complaint allegedly filed on November 29.

Finally, the only piece of evidence appellant presents that indicates that he filed something on November 29 was the receipt presented as Exhibit A at the hearing. That receipt stated that the deposit was for the filing fee in case No. 93–342–A. The complaint filed on November 30 was given case No. 93–590WC, leading this court to the conclusion, in the absence of evidence to the contrary, that the document filed by Schwab on November 29 was a document different from the complaint filed on November 30.

Because we have concluded that the proper filing date of appellant's complaint was November 30, 1993, and that only one complaint to contest Foster's will was filed in this matter, which complaint was filed beyond the statute of limitations, Civ.R. 15(C) and (E) are not applicable to appellant's assignment of error.

For the above stated reasons, appellant's assignment of error is overruled. The judgment of the Hancock County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

EVANS, J., concurs.

SHAW, J., dissents.

SHAW, Judge, dissenting.

I respectfully dissent from the opinion and conclusions of the majority. The testimony in this case establishes two things: (1) that plaintiff's complaint was

timely filed with the probate court on November 29, 1993, and (2) subsequent to the filing, the probate court clerk's office, on its own initiative, improperly relinquished custody of the document and returned it to a secretary for plaintiff's counsel.

As to the initial filing, Lorena Schwab, secretary for plaintiff's counsel, Russell Rakestraw, testified that at approximately 4:00 p.m. on November 29, 1993, she delivered "a complaint * * * on a will contest action" involving "a Donald Stevenson vs. Shirley Wenner" for filing to the clerk of the Probate Court. Schwab personally gave the complaint, together with a $50 filing fee/cost deposit, to Judy Houdeshell, an employee of the probate court. Houdeshell accepted the complaint and the filing fee and gave Schwab a receipt for the filing fee. The receipt was introduced into evidence and states that on November 29, 1993, the Probate Court of Hancock County at Findlay, Ohio received of Russell Rakestraw, $50 for "Hazel R. Foster. Contest Will." The receipt is signed by "J. Houdeshell" and bears a case No. of 93–342–A.

Houdeshell, a thirty-year employee of the probate court, whose duties include the acceptance of documents for filing with that court, also testified. Houdeshell corroborated the testimony of Schwab and also identified the receipt as indicating that "Russell Rakestraw's Office filed a Will Contest in the Hazel R. Foster Estate," with a deposit fee of $50 on November 29. Houdeshell further testified unequivocally that the will contest delivered to her on November 29 by Schwab was file stamped and that "it had been filed" at that time.

Houdeshell also testified that subsequent to the filing of the complaint on November 29, she noticed the name of Cheryl Wenner on the document who Houdeshell knew to be a local attorney as compared to Shirley Wenner who Houdeshell knew to be listed as "part" of the Hazel Foster estate. Believing that such an error was going to "stop paper work" and cause "a lot of headaches with paper work" that could be prevented "if that was corrected before it ever got started," Houdeshell immediately called Schwab to return to the probate court and pick up the complaint to make the correction, which Schwab did that day.

Schwab testified that upon receiving the complaint from the Probate Court, she changed the name Cheryl to Shirley on her computer and reprinted the complaint the following morning without any other changes to the document. Schwab then proceeded to the probate court where she again filed the complaint between 10:00 and 10:30 a.m. on November 30, 1993. Upon refiling the complaint, the probate court did not issue an additional receipt nor did the court indicate that anything further was required of Schwab. Nevertheless, the probate court apparently assigned a new case number to the complaint on November 30.

Certainly a copy of the original file-stamped complaint would be presumptive evidence of its filing. On the other hand, there is no reason to disregard

uncontroverted testimony establishing the same fact. The uncontroverted testimony of Schwab was that the name change from Cheryl to Shirley was the only change made in the complaint. The remaining testimony of Schwab, when taken together with the uncontroverted testimony of Houdeshell, describing the nature of the document together with the testimony regarding the receipt, clearly establishes that but for the minor name change, a complaint identical to the one currently in the record was filed in the probate court on November 29, 1993.

Turning to the issue of the clerk's conduct, the evidence establishes that the probate court itself had a significant role in the creation of this problem. Houdeshell testified that despite her awareness of the late hour (close to 4:30 p.m. closing time) on November 29 and her knowledge that plaintiff's counsel would likely not have time to make the desired corrections and refile the complaint that day, she alone made the decision not to retain the file-stamped complaint but to return it instead to Schwab to correct it. Houdeshell admitted that this was done "of my own will" and not at the request of plaintiff's counsel. Houdeshell further admitted that the return of an original complaint which had already been filed with the court was contrary to normal procedure but felt that this was an "unusual" case.

No doubt Houdeshell was acting with the best of practical motives to avoid problems of service of process and the possible amendment of pleadings, which her common sense and experience told her were certain to occur if the correction in name was not made to the complaint. Unfortunately, it is not the responsibility of the clerk of courts to protect counsel from such pleading errors and indeed, this case serves as a good example of the dangers of attempting to do so. More important, however, I do not believe the clerk of the probate court (or any other court) has authority to relinquish or return an original file-stamped pleading, even for corrections of the type that existed in this case. Nor, under these circumstances, do I believe that the resulting absence of the original complaint from the trial court record can be conclusively weighed against the appellant by this court.

Based upon four questions presenting issues closely related to this case and upon consideration of a number of Ohio statutes and case decisions, the Attorney General of Ohio has recently issued an opinion pertaining to the filing of original documents with the court and the authority of a clerk of courts regarding those documents. In that opinion, the Attorney General has concluded that:

"1. No provision within the Ohio Rules of Civil Procedure, the Ohio Rules of Criminal Procedure, or R.C. 149.43, the public records law, authorizes the removal of a pleading from a court file.

"2. R.C. 149.351 prohibits a clerk of court from removing from a court file a pleading that is stricken from the record or an original pleading when a

substitute pleading is filed in place of the original pleading, unless removal of the stricken or original pleading is permitted by law or by the appropriate records commission.

"3. A pleading is filed when it is delivered to and received by the clerk of court for filing, and endorsement upon the pleading by the clerk of the fact and date of filing is evidence of that filing.

"4. A clerk of court may not permit a party to correct a typographical error in a pleading that has been filed with the clerk." 1994 Atty.Gen.Ops. No. 94–089, syllabus.

In my view, these conclusions state sound law and reflect the approach this court should have taken in resolving the issue raised in this case. Based upon the foregoing opinion of the Ohio Attorney General, the evidence in this record and particularly in view of the role of the probate court in creating this problem I believe it was against the weight of the evidence and an abuse of discretion for the probate court to dismiss this complaint as untimely. I would reverse and remand this case for further proceedings.