OPINION
On August 4, 1998, Darl E. Reynolds filed a shareholder's derivative suit in the Franklin County Court of Common Pleas, case No. 98CVH-08-5956, against Michael S. Morris and CMH Industries, Inc. ("CMH"). Mr. Reynolds averred that he and Mr. Morris each owned 50 shares of CMH's 100 shares of stock. Mr. Reynolds further averred that from at least November 16, 1993 to January 31, 1997, Mr. Morris unlawfully and intentionally operated CMH for his own personal gain and in violation of his fiduciary obligations to the corporation and shareholders. Mr. Reynolds indicated that on October 17, 1995, he had filed a shareholder's derivative suit in the Franklin County Court of Common Pleas, case No. 95CVH-10-7229, against Mr. Morris to recover corporate funds taken by Mr. Morris in the form of excessive/unauthorized salaries and bonuses. Such suit resulted in a judgment against Mr. Morris for $183,454.
Mr. Reynolds further averred that on January 31, 1997, the trial court in case No. 95CVH-10-7229 appointed James R. Allen receiver for CMH and ordered such receiver to, among other duties, operate CMH until further order of the court. The trial court also appointed the law firm of Strip, Fargo, Schulman Hoppers Co., L.P.A. to act as the receiver's attorney. Mr. Reynolds averred that despite such order(s) in case No. 95CVH-10-7229, Mr. Morris took additional unauthorized compensation in 1996 and 1997 and made excessive purchases in the name of CMH. Lastly, Mr. Reynolds averred that since January 31, 1997, the trial court in case No. 95CVH-10-7229 has refused to permit the receiver to commence the legal proceedings necessary to gather the assets of and collect the obligations due CMH. Mr. Reynolds demanded that Mr. Morris be required to account for and pay to CMH the unlawful salaries, bonuses, loans and other funds and that the trial court in case No. 95CVH-10-7229 be enjoined from proceeding with its efforts to dissolve CMH until after the obligations of Mr. Morris to CMH have been adjudicated.
On August 12, 1998, James R. Allen, CMH's receiver, through his attorney, filed a motion to dismiss CMH as a defendant on the basis that the complaint was barred by a previous court order in case No. 95CVH-10-7229. Attached to the motion to dismiss was a copy of a February 4, 1997 court order in case No. 95CVH-10-7229.
On August 14, 1998, Mr. Morris filed a motion to dismiss pursuant to Civ.R. 12(B)(6) contending that the February 4, 1997 order in case No. 95CVH-10-7229 enjoined Mr. Reynolds and others from commencing any action with regard to CMH. Mr. Morris also attached a copy of the February 4, 1997 order to his motion to dismiss.
On August 19, 1998, Mr. Reynolds filed a memorandum contra Mr. Morris's motion to dismiss. Mr. Reynolds asserted, in essence, that the February 4, 1997 order did not preclude him from filing the present suit which seeks to enforce the legal rights of CMH. Attached to Mr. Reynolds's memorandum contra Mr. Morris's motion to dismiss were copies of certain filings of the trial court in case No. 95CVH-10-7229, specifically, a December 13, 1996 decision on the bench trial held in such case, a January 24, 1997 judgment entry reflecting such decision, and a January 31, 1997 order appointing the receiver.
On August 24, 1998, Mr. Reynolds filed a memorandum contra the receiver's motion to dismiss. Attached was the affidavit of the receiver. Mr. Allen stated that the law firm appointed as attorney for the receiver had not discussed with him the filing of a motion to dismiss, that he had not authorized such filing and that he would not ratify such filing. Mr. Reynolds asserted that the receiver's motion should be denied on this basis and on the basis that the February 4, 1997 order did not bar the present suit.
On October 26, 1998, the trial court rendered a decision granting both Mr. Morris's and the receiver's motions to dismiss. The trial court found that the February 4, 1997 order in case No. 95CVH-10-7229 prohibited the claims asserted in the present suit. On November 10, 1998, Mr. Reynolds filed a motion for reconsideration. Again, Mr. Reynolds attached a copy of the February 4, 1997 order. Mr. Morris filed a memorandum contra, and Mr. Reynolds filed another memorandum in support of his motion for reconsideration. On December 17, 1998, the trial court journalized an entry indicating that for the reasons set forth in its October 26, 1998 decision, the complaint was dismissed.[1]
Mr. Reynolds (hereinafter "appellant") has timely appealed to this court, assigning the following errors for our consideration:
 I. The Trial Court erred in finding that Plaintiff-Appellant's derivative shareholder action to enforce the corporate Defendant's rights subsequent to November 1, 1996 against Defendant Morris, is an unlawful attempt to enforce a claim prohibited by Court Order issued February 4, 1997 by Judge Johnson in Franklin County Court of Common Pleas in Case No. 95CVH-10-7229.
 II. The Trial Court erred in finding it lacks jurisdiction to hear and determine Plaintiff-Appellant's shareholder's derivative suit on the basis that the same litigation is pending in another branch of this Franklin County Court of Common Pleas in Case No. 95CVH-10-7229.
 III. The Trial Court erred in finding that James R. Allen, Receiver, filed a motion to dismiss CMH Industries, Inc. as a Defendant because the cause of action was prohibited by Court Order issued February 4, 1997 in Case No. 95CVH-10-7229.
 IV. The Trial Court erred in failing to find that John W. Hoppers, Esq. lacked standing to move the Court to dismiss CMH Industries, Inc. as a party defendant in this shareholder's derivative action brought by Plaintiff-Appellant.
Appellant's first and second assignments of error are interrelated and, therefore, will be addressed together. In essence, appellant contends the trial court erred in granting the motions to dismiss filed by Mr. Morris and the receiver (hereinafter collectively referred to as "appellees"). In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that plaintiff can prove no set of facts which would entitle him or her to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,144. In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations in the complaint are presumed true, and all reasonable inferences are made in favor of the nonmoving party. Id., citing Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
A motion to dismiss is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. Hence, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated as a motion for summary judgment, and the trial court must give notice of such to the parties. Id. In the case at bar, the trial court and the parties relied upon "evidence" outside the complaint. Indeed, all parties at some point during the proceedings below attached to their various motions/memoranda unverified copies of the February 4, 1997 order in case No. 95CVH-10-7229. In addition, appellant attached to his memorandum contra Mr. Morris's motion to dismiss copies of a decision, entry and order made in case No. 95CVH-10-7229.
In essence, the trial court's decision granting appellees' motions to dismiss was based upon the language in the February 4, 1997 order. However, the trial court did not convert the motions to dismiss into motions for summary judgment. While this was error, it was not prejudicial because all parties were given the opportunity to and indeed did submit "evidence" in support of their respective positions. See Ins. Co. of N. Am. v.Reese Refrig. (1993), 89 Ohio App.3d 787, 793. We note that such "evidence" would not constitute proper evidentiary material under Civ.R. 56(C); however, a trial court may consider documents other than those specified in Civ.R. 56(C) when no objections are raised. Lytle v. Columbus (1990), 70 Ohio App.3d 99,104. No objections were raised to the "evidence" submitted below.
We now reach the merits of appellant's appeal. Appellant contends that the February 4, 1997 order in case No. 95CVH-10-7229 did not preclude the present suit. Such order states, in pertinent part:
 [T]he court finds that [CMH] is deadlocked, that it is unable to function due to said deadlock, that it cannot offer reasonable security for its creditors and that a Receiver should be appointed for the protection of creditors and the interest of Shareholders.
* * *
 It is, therefore, ORDERED, ADJUDGED and DECREED that the corporation be placed in the hands of a Receiver, for the protection of creditors herein, and that James Allen be appointed Receiver in this action for all the property of the corporation of whatsoever kind or character and wherever situated and that the firm of Strip, Fargo, Schulman Hoppers Co., L.P.A. shall act as attorney for the Receiver. Said Receiver shall conduct all the affairs of the corporation, make collections, pay the debts and expenses, conduct all litigation in reference thereto, and it is Ordered that all person[s] having property of any kind or interest therein belonging to the corporation deliver same on demand to said Receiver, and by Order of this Court, said Receiver shall sell any or all property and do and perform all things necessary thereto * * *.
* * *
 It is further Ordered that the Receiver be, and he hereby is, authorized to settle all claims, insurance matters and affairs of a like nature, upon such terms as he, in his discretion, deems most advantageous to the interest of creditors.
 It is further Ordered that all creditors, claimants, bodies politic, parties in interest, * * * and their respective attorneys, servants, agents, and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against said corporation or its property, or against the Receiver in any court. The parties are further stayed from executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any property owned by or in the possession of the said corporation, or said Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of his duties in this proceeding with the exclusive jurisdiction of this Court over said corporation, its properties and said Receiver. This Order shall be in full force and effect as of the date of its journalization with the Clerk of this Court.
 It is further Ordered that the Receiver notify all known creditors of the defendant corporation of the receivership herein and said creditors are Ordered to file sworn claims within thirty (30) days of the notice thereof or else be forever barred from asserting the same. (Emphasis added.)
It is clear that under the above order, the trial court in case No. 95CVH-10-7229 retained jurisdiction over all matters involving CMH and its property. In the case at bar, appellant seeks the return to CMH of corporate property allegedly wrongfully taken by Mr. Morris. The February 4, 1997 order prohibits this type of action. In addition, any demand by appellant that the trial court in case No. 95CVH-10-7229 be enjoined from proceeding with the dissolution of CMH is improper as well. A derivative suit is not a proper proceeding in which to attempt to enjoin a court from acting.
Given the above, the trial court did not err in dismissing the complaint. Accordingly, appellant's first and second assignments of error are overruled. Having found the trial court properly dismissed the complaint, appellant's third and fourth assignments of error are rendered moot.
In summary, appellant's first and second assignments of error are overruled, and appellant's third and fourth assignments of error are moot. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] On December 18, 1998, the trial court filed a decision denying Mr. Reynolds's motion for reconsideration. This decision is a nullity, however, as it was filed after final judgment was entered in this case. See Pitts v. Dept. of Transportation
(1981), 67 Ohio St.2d 378, 381.