[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Our examination of the record in this case reveals that numerous documents necessary to the resolution of the issues are not part of the record on appeal. The reason for these omissions is that these documents were never properly filed and time-stamped in the trial court, and, therefore, they never became part of the record. See App.R. 9(A). Though the trial court apparently saw the missing documents, simply sending a document to the court does not constitute a "filing." It must be actually delivered to and received by the official custodian, who has a duty to endorse the date of filing on each document. Fulton v.State ex rel. General Motors Corp. (1936), 130 Ohio St. 494,497-500, 200 N.E.2d 636, 637-638; Ins. Co. of N. Am. v. ReeseRefrig. (1993), 89 Ohio App.3d 787, 790-791, 627 N.E.2d 637,638-639; Rhoades v. Harris (Oct. 15, 1999), Hamilton App. No. C-981000, unreported. A party may not rely on unfiled documents in support of his or her claims. See LaMar v. Marbury (1982),69 Ohio St.2d 274, 278, 431 N.E.2d 1028, 1031; Crabtree v. Burnley
(July 6, 1988), Medina App. No. 1638, unreported. Further, a reviewing court cannot add matter to the record before it and decide the appeal on that basis. State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500, paragraph one of the syllabus.
The appellant has the duty to ensure that whatever portion of the record necessary for the determination of the appeal is filed with the reviewing court, because the appellant bears the burden of showing error by reference to the record. When portions of the record necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and must presume the validity of the lower court's proceedings. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565-566; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199-200, 400 N.E.2d 384,385-386. We realize appellant had some logistical difficulties due to his location in another state. Nevertheless, these difficulties did not relieve him of his duty to provide an adequate record for review. Appellant could have sought to modify or correct the record pursuant to App.R. 9(E), but he failed to do so. See State v. Osborne (1976), 49 Ohio St.2d 135, 142,359 N.E.2d 78, 84, vacated as to death penalty (1978), 438 U.S. 911,98 S.Ct. 3136; Crabtree, supra.
Due to the lack of necessary documents, we cannot decide the issues raised by appellant in his assignments of error, and we have no choice but to presume the regularity of the proceedings below. Accordingly, we overrule appellant's assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.