William A. Miller appeals the judgments of the Ross County Court of Common Pleas dismissing his post-conviction relief motion and denying his Civ.R. 60 (A) motion. He assigns the following error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DISMISSED THE PETITION TO VACATE OR SET ASIDE SENTENCE FILED BY APPELLANT AS UNTIMELY WHEN THE CLERK OF THE TRIAL COURT RECEIVED THE PETITION ON THE ONE HUNDRED AND EIGHTIETH DAY AFTER THE FILING OF THE TRANSCRIPT OF PROCEEDINGS IN APPELLANT'S DIRECT APPEAL.[1]
Finding merit in this assignment of error, we reverse and remand to the trial court.
Appellant was convicted of carrying a concealed weapon and sentenced to a term of imprisonment of fifteen months in November 1999. He was also convicted of possession of cocaine and sentenced to a term of imprisonment of four years. The two sentences run consecutively to one another. A timely direct appeal was filed in both cases and the transcript was filed in this Court on February 2, 1999. Thereafter, appellant filed a pro se post-conviction relief petition.
The post-conviction relief petition was date stamped August 3, 1999 by the Ross County Clerk's Office. Shortly thereafter, the trial court sua sponte dismissed appellant's petition as untimely. The court noted that a post conviction relief petition is to be filed within one hundred and eighty days of the date on which the trial transcript is filed with the Court of Appeals in the direct appeal. R.C. 2953.21 (A) (2). Therefore, appellant's petition was due on August 1, 1999. However, as August 1st was a Sunday, the petition was due August 2nd. See Crim.R. 45 (A) (stating that when the last day falls on a Saturday, Sunday or legal holiday, then the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday). The court noted that the petition was not filed until August 3rd and, therefore, was untimely. Appellant appealed this judgment entry.
Next, appellant filed a Civ.R. 60 (B) motion and attached a copy of a certified mail return receipt indicating that the motion had been signed for and received by an employee of the clerk's office on August 2, 1999. The court amended the motion to a Civ.R. 60 (A) motion and a hearing was conducted during which the employee and the Ross County Clerk of Courts testified. The employee did not specifically recall signing for the package but recognized her signature on the return receipt form. She testified that the clerk's office employees frequently sign for certified mail and that, because the return receipt card was addressed to the Common Pleas Court and not the clerk's office, she likely placed the unopened envelope in the court's mail basket. Court employees check the mail basket several times a day and, if the court receives mail that should go to the clerk's office, a court employee returns it to one of the deputy clerks who stamps it immediately and places it in the motion basket. Neither party challenged the fact that the certified mail card was for the petition for post conviction relief filed by appellant.
Following the hearing, the court denied appellant's Civ.R. 60 (A) motion. The court found that the envelope was addressed to the Ross County Court and not to the Clerk of the Ross County Court of Common Pleas. Further, unlike the probate and juvenile divisions of the court which allow filing with the judge, the general division of the Court of Common Pleas requires filing with the Clerk of Court unless permission to file with the court itself was granted. See Civ.R. 5 (E). Based on this rationale, the court held that it could not "find that [appellant's] petition for post conviction relief was actually delivered to the Ross County Clerk of Courts on August 2d 1999." Appellant timely appealed from this entry.
The general rule is that the file-stamp, as indicated on the top sheet of any document being filed with a court, controls for purposes of determining when a document was filed with that court. See Ins. Co. of North America v. Reese Refrigeration
(1993), 89 Ohio App.3d 787, 791; Kloos v. Ohio Dept. ofRehabilitation Correction (May 3, 1988), Franklin App. No. 87AP — 1215, unreported. However, the endorsement of the fact and date of such filing can be refuted by other evidence. SeeKing v. Penn (1885), 43 Ohio St. 57, 61; Kloos, supra. Here, the post-conviction relief petition was clearly stamped as having been filed August 3, 1999. The court properly relied on this information when it initially dismissed appellant's petition as untimely.
Appellant argues that because he is a pro se prisoner, the date of delivery to prison authorities for mailing is deemed the date of filing. See, e.g. State v. Owens (1997), 121 Ohio App.3d 34,36. While some case law does support appellant's position, the Supreme Court of Ohio specifically rejected such a rule. In Stateex rel. Tyler v. Alexander (1990), 52 Ohio St.3d 84, the Court refused to rely on United States Supreme Court case law which interpreted the federal rules as" filed with the clerk" to mean "delivered to the warden of the prison." We relied on the Tyler
holding in State v. Ramage (Feb. 18, 2000), Highland App. No. 99CA25, unreported, in determining that "[a] filing is timely only if it is filed with the court clerk within the appropriate time limits. The jailer does not represent the court for filing purposes." Therefore, the trial court did not err in dismissing the claim as untimely.
Next, we must determine whether the court erred in overruling appellant's Civ.R. 60 (A) motion. Civ.R. 60 (A) states:
 Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
Under Civ.R. 60 (A), a trial court has the power to correct a clerical error. However, the rule applies only to inadvertent clerical errors and not to actions deliberately taken by the trial court. Dentsply Int'l. Inc. v. Kostas (1985), 26 Ohio App.3d 116,118 (citations omitted). A decision as to whether the file stamp date on a document is incorrect would certainly fall under Civ.R. 60 (A)
Our determination is limited to whether the trial court abused its discretion in deciding that the petition was actually filed on August 3rd rather than August 2nd See Moore v. EmmanuelTraining Ctr. (1985), 18 Ohio St.3d 64, 66; Allen v. Allen (Mar. 31, 2000), Trumbull App. No. 99 — T — 0011, unreported. "The term "abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
We conclude that the decision to overrule appellant's Civ.R. 60 (A) motion was unreasonable. While the envelope may have been addressed to the Common Pleas Court, the envelope was in fact received and signed for by an employee of the clerk's office. The lower court relied on King v. Penn which held that a paper is "filed" when it is delivered to the proper officer and received by that officer to be kept in its proper place in his office.43 Ohio St. at 61. In King v. Paylor (1942), 69 Ohio App. 193, 196, the court noted that filing of a document can only be accomplished by bringing the paper to the attention of the clerk so it can be accepted by him as the official custodian.
Nonetheless, we believe that considerable leniency should be afforded to actions brought by prisoners and that pro se
litigants should not be held to the same standard as attorneys. See State v. Wright (July 29, 1994), Scioto App. No. 93CA2110, unreported (citations omitted). Here, the filing was brought to the attention of the clerk's office and there is no dispute that the petition was either in the clerk's office or with the Court of Common Pleas on the date it was due. The fact that the petition was not returned to the clerk's office immediately by the Common Pleas Court should not preclude a pro se prisoner from challenging his possibly unlawful incarceration. Therefore, the trial court abused its discretion in overruling appellant's Civ.R. 60 (A) motion and failing to change the filing date on appellant's post — conviction relief petition to August 2, 1999, the date the petition was actually received by the Ross County Clerk's Office.
Appellant's sole assignment of error is sustained. The court's judgment is reversed and this case is remanded for further action consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of mandate pursuant to Rule Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion
____________________________ William H. Harsha, Judge
[1] Appellant originally filed his appeal in case number 99CA2506 challenging the trial court's dismissal of his post — conviction motion. He later filed a Civ.R. 60 (B) motion and the matter was remanded to the trial court for disposition of that motion. The Civ.R. 60 (B) motion was amended to a Civ.R. 60 (A) motion and denied by the court. Appellant then filed a second appeal in case number 00CA2539. His second appeal cites the same assignment of error as the first but the argument of law challenges the court's denial of the Civ.R. 60 motion. This Court has frequently held that considerable leniency must be afforded pro se actions brought by prisoners. See Akbar-El v. Muhammed (1995), 105 Ohio App.3d 31, 85; Besser v. Griffey (1993), 88 Ohio App.3d 379, 382; King v. Peoples (Mar. 31, 1998), Ross App. No. 97CA2295, unreported. Therefore, we interpret the sole assignment of error as challenging both the initial dismissal of appellant's post-conviction petition and the denial of the Civ.R. 60 (A) motion. This Court sua sponte consolidated the appeals.