[Cite as *Swartz v. Gwiner*, 2016-Ohio-4907.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY


BRIAN SWARTZ,

    PLAINTIFF-APPELLANT,

      v.

CARRIE GWINER,

    DEFENDANT-APPELLEE.

CASE NO. 13-15-41


O P I N I O N


Appeal from Seneca County Common Pleas Court
Juvenile Division
Trial Court No. 20370016

**Judgment Reversed**

Date of Decision:  July 11, 2016


APPEARANCES:

    *John C. Filkins* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Brian Swartz ("Swartz") brings this appeal from the judgment of the Court of Common Pleas of Seneca County, Juvenile Division, dismissing his objections as untimely filed and adopting the decision of the magistrate. For the reasons set forth below, the judgment is reversed.

{¶2} Swartz and Carrie Gwiner ("Gwiner") are the parents of a child born in April 2002. Doc. 40. Swartz and Gwiner entered into a shared parenting agreement, which included a deviation of child support to $0, and the agreement was approved by the trial court, on November 19, 2003. *Id.* On May 13, 2015, Gwiner filed a motion to modify the shared parenting plan and requesting child support, which had previously been waived. *Id.* Gwiner also has another child from a different relationship. *Id.* The magistrate denied the parenting schedule modification, but did modify the child support. *Id.* The magistrate filed his decision on October 26, 2015. *Id.* On that same day, the trial court approved the decision and adopted it as its own entry. Doc. 41.

{¶3} On November 9, 2015, Swartz filed his objections to the magistrate's decision, alleging that the magistrate erred in using Gwiner's figure for health insurance as that covered insurance for her and the additional child as well as his child. Doc. 42. The trial court denied the objections on November 13, 2015, because the trial court found the objections to be untimely filed as they were filed by fax. Doc. 43. Swartz filed a timely appeal from this judgment. Doc. 44. On appeal, Swartz raises the following assignment of errors.

## First Assignment of Error

**The trial court erred as a result of its failure to comply with the statutory calculation of child support when it granted [Gwiner] credit for health insurance costs that cover the parties' minor child of the appellee.**

## Second Assignment of Error

**The trial court erred as a result of its finding that [Swartz's] objections were not timely filed when the objections were in fact filed on the fourteenth day of the objection period.**

In the interest of clarity, we will address the assignments of error out of order.

{¶4} We initially note that Gwiner has chosen not to file a brief in this matter. "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶5} In the second assignment of error Swartz claims that the trial court erred in finding that his objections were not timely filed. All objections to a magistrate's decision must be filed within fourteen days. Juv.R. 40(D)(3)(b)(i). Swartz filed his objections to the decision on the 14th day, but, as set forth in the journal entry denying the objections, he filed them by fax. The filing of objections to a magistrate's decision is not one of the documents permitted to be filed by fax pursuant to Seneca County Juvenile Court Rule 1.07. However, the objections were file stamped and docketed as "Plaintiffs objection to magistrates decision filed by Atty Filkins on behalf of Brian Swartz." It was filed on the

14th day after the magistrate's decision was filed. The fact that the documents were not filed in a proper manner does not change the fact that the documents were accepted for filing and were actually filed by the deadline. *See King v. Penn*, 43 Ohio St. 57 (1885) (holding that when a document is delivered to the clerk of court's office to be filed, it is deemed filed) and *Ins. Co. of N. Am. v. Reese Refrig.*, 89 Ohio App.3d 787, 627 N.E.2d 637 (3d Dist. 1993) (holding that a file-stamp is evidence that a document was filed). The record shows that objections were timely filed and should have been considered by the trial court. The second assignment of error is sustained.

{¶6} In the first assignment of error, Swartz claims that the trial court erred in adopting the magistrate's erroneous calculation of the health insurance costs because it included the costs for Gwiner and another child as well as Swartz's child. However, the trial court never addressed these issues. Thus, this matter must be reversed for consideration by the trial court before this court can address it. For that reason, the first assignment of error is sustained.

{¶7} Having found prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County, Juvenile Division, is reversed and the matter is remanded for further consideration by the trial court.

*Judgment Reversed*
*And Cause Remanded*


**SHAW, P.J. and ROGERS, J., concur.**

**/hls**