Stewart, J.
 

 The one question in this ease is whether the notice of intention to appeal, filed in the Probate Court by Kathleene Kaminski, was sufficient to perfect her appeal to the Court of Appeals.
 

 Section 12223-4, General Code, is as follows:
 

 “The appeal shall be deemed
 
 perfected
 
 when written
 
 notice of appeal
 
 shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, aiid no step required to be taken subsequent to the
 
 perfection
 
 of the appeal shall be deemed to be jurisdictional.” (Italics ours.)
 

 Section, 12223-5, General Code, provides:
 

 “The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same asín the court of origin. The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown.”
 

 There is no question that the notice of appeal was filed within time, and that all thp provisions of Section 12223-5, General Code, were complied with. However, the appeal was dismissed on the grounds that in the notice applicant used the words “intention to appeal,” and that the notice was not a present notice of appeal but a mere notice of a purpose to do so in the future,
 
 *34
 
 during the remaining 14 days, before the expiration of the time in which an appeal could be filed.
 

 The Court of Appeals was further of the opinion that, since the appeal could have been taken from the Probate Court either to the Court of Common Pleas or the Court of Appeals, it was fatal to omit in the notice of appeal the designation of the court to which the appeal was to be taken.
 

 Courts are established not only as instrumentalities for the preservation and perpetuation of free government, but likewise to furnish tribunals where litigants may have a fair and just consideration of their controversies and expeditious final decisions as to their rights and obligations upon the substantive merits of their cases. In order to accomplish these objectives, it is obviously necessary that rules of procedure be adopted so that there may be an orderly process by which litigated cases can be tried and reviewed.
 

 All through the centuries, in the growth of the systems of common law and equity, the great threat has been that the procedural rules have, from time to time, become so complicated and technical that they have operated to delay substantive justice, to ensnare and entrap the unwary and to defeat the real purposes for which they were supposed to have been provided.
 

 It took Dickens’ “Bleak House” and his famous case of Jarndyce against Jarndyce to awaken and arouse England to the necessity of reform of the outrageous procedural rules which were strangling justice; and in our country David Dudley Field led the way in inducing the states — of which Ohio was among the first — to abandon the complexities of common-law pleading and adopt code pleading. In the same spirit, our General-Assembly has, through the years, passed legislation to simplify the method of obtaining a review, in the upper courts, of the orders and judgments of the trial courts, and its last enactments for the accomplish
 
 *35
 
 ment of this purpose, containing the provisions in Sections 12223-4 and 12223-5,
 
 supra,
 
 became effective January 1, 1936. That those sections are to be liberally construed, in order to promote their objects and assist the parties in obtaining substantive justice, is required by Section 10214, General Code.
 

 In this spirit of liberal construction of procedural questions, we are of the opinion.that the notice of intention to appeal, as filed by the appellant in the Probate Court, accomplished the purpose of a notice of appeal, and that, under the statute, the filing of this notice in the Probate Court must be deemed to have perfected the appeal.
 

 In Webster’s New International Dictionary (2 Ed.), some of the definitions of intention are:
 

 “A determination to act in a certain way or to do a certain thing; purpose; design; * *
 

 How can it be said that if one files an intention, a purpose, a design or a determination to appeal, one has not thereby perfected an appeal within the meaning of Section 12223-4, General Code?
 

 That the Courts of Appeals of the state have considered “a notice of appeal” and “a notice of intention to appeal,” as terms that can be used interchangeably is apparent from the fact that among the rules of such courts, adopted pursuant to the statutory authority of Section 1522, General Code, is rule VII, effective January 1, 1936, providing for rule days calculated after filing
 
 notice
 
 of
 
 intention to appeal.
 

 In rule XV, a provision is made with reference to a notice of appeal and, since both rules are in effect, it is obvious to us that the terms are used as meaning the same thing. Of course, courts cannot adopt rules which are contrary to or in defiance of statutes which have become the law of Ohio, but the rules cited are persuasive in demonstrating how our Courts of Ap
 
 *36
 
 peals, have regarded the two expressions with reference to notices of appeal.
 

 As heretofore stated, in dismissing Kathleene Kaminski’s appeal from the Probate Court, the Court of Appeals based its action also upon the additional ground that the notice filed in the Probate Court did not specify to what court the appeal was intended to be perfected, and that since the law permitted such appeal to be made to either the Common Pleas Court or the Court of Appeals, the notice of intention to appeal was not such as to apprise the adverse party of the court to which the appeal would be taken.
 

 It seems to us that there is no basis for this contention. In neither Section 12223-4 nor Section 12223-5, General Code, is there any provision requiring a recital as to the court to which the appeal is to be taken. The simple, clear and unambiguous provision is “the appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission.” Although it is provided that where leave to appeal must first be obtained, notice of appeal, shall be filed also in the appellate court, it is conceded that this was not a case where such leave had to be obtained.
 

 Therefore, since we hold that the notice of intention . to appeal was sufficient to indicate a present intention, that the notice was filed within time with the lower court, and that there is no provision which directly or infercntially requires a statement as to what court the appeal is made, there was no necessity for such' a statement and no foundation for dismissing the appeal for lack of it.
 

 It can be further observed that on the same day the notice of appeal was filed in the Probate Court there was filed in the same court a precipe to file in the Court of Appeals, a transcript of the docket or journal en-, tries in the case, together with whatever else was necessary to exhibit the errors complained of.
 

 
 *37
 
 After an appeal is perfected,' by tbe filing in writing of notice, no additional step required to be taken shall, according to the statute, be deemed to be jurisdictional. Accordingly, this court, in construing Section 12223-22, General Code, has held that where an appeal on questions of law and fact was filed without an appeal bond, in a case where an appeal on questions of law only should have been filed, the appeal shall not be dismissed but shall stand for hearing on appeal on questions of law.
 
 Loos
 
 v.
 
 Wheeling S Lake Erie Ry. Co.
 
 134 Ohio St., 321, 16 N. E. (2d), 467.
 

 See, also,
 
 Bennett
 
 v. Bennett, 134 Ohio St., 330, 16 N. E. (2d), 474, in which it was held that where’ a notice of appeal on questions of law and fact was filed in a case appealable on questions of law only, and no bill of exceptions was filed, the appeal should not be dismissed but the court should fix a time within which to file a bill of exceptions, as provided by Section 11564, General Code.
 

 In view of the liberal construction which must be given to procedural statutes, this court sustained as sufficient, in fulfilling the requirements of a notice of appeal, a notation “defendants hereby give notice of appeal” in a journal entry overruling a motion for a new trial, where such journal entry was approved in writing by both plaintiff and defendants.
 
 Capital Loan & Savings Co.
 
 v.
 
 Biery,
 
 134 Ohio St., 333, 16 N. E. (2d), 450.
 

 Where a notice of appeal to the Court of Appeals from a judgment of the Municipal Court of Cleveland contained a statement that the Municipal Court judgment was given on the 13th of November, 1939, but it was actually rendered on the 14th, the Court of Appeals had power to permit an amendment of the notice of appeal to correct the error.
 
 Couk
 
 v.
 
 Ocean Accident & Guarantee Corp.,
 
 138 Ohio St., 110, 33 N. E. (2d), 9.
 

 
 *38
 
 To the same effect, this court reversed a Court of Appeals’ refusal to permit a notice of appeal to be amended by correcting the date of the rendition of judgment.
 
 Mosey
 
 v.
 
 Hiestand, Trustee,
 
 138 Ohio St., 249, 34 N. E. (2d), 210.
 

 The above cases have been cited to demonstrate that this court has consistently been of the opinion that where the notice of appeal is filed in time in the lower-court, the appeal is perfected, and all subsequent requirements, not being jurisdictional, can be amended to comply with the accurate facts in the interest of an. expeditious and orderly trial of the merits of the particular case/
 

 Holding as we do that the written notice of intention, to appeal in this case was a sufficient notice of appeal and that there was no requirement in law to designate-the court to which the appeal was proposed to be taken, together with the fact that the precipe directed the filing in the Court of Appeals, we reverse the judgment of the Court of Appeals dismissing appellant’s appeal, and remand the cause to that court for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Turnee, Matthias, Zimmerman and Sohngen, JJ., concur.
 

 Hart, J., not participating.