LOUDEN, EXR., APPELLANT, ET AL., *v.* A.O. SMITH CORPORATION ET AL.; GOULDS PUMPS, INC. ET AL., APPELLEES.

BORDER, EXR., APPELLANT, *v.* AEP OHIO ET AL.; GOULDS PUMPS, INC. ET AL., APPELLEES.

[Cite as *Louden v. A.O. Smith Corp.,* 121 Ohio St.3d 95, 2009-Ohio-319.]

(Nos. 2007–1819 and 2007–1821—Submitted October 7, 2008—Decided February 4, 2009.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} The issue before us is whether a trial court's case-management order that requires parties in asbestos cases to file trial court documents electronically also authorized those same parties to file a notice of appeal electronically. We hold that filing an appeal requires an appellant to present a paper copy of the notice of appeal to the clerk of the trial court, unless a rule of appellate procedure expressly permits the notice of appeal to be filed electronically. In the instant case, the court of appeals has not adopted any rule permitting such electronic filing. Because appellants did not timely file paper copies of their notices of appeal to the clerk, we affirm the judgment of the court of appeals dismissing appellants' appeals.

## II. Facts

{¶ 2} Recognizing the proliferation of asbestos cases on its docket in 1998, the Cuyahoga County Court of Common Pleas found that "current methods in processing, serving, and storing the paper will soon be inadequate." Cuyahoga County Court of Common Pleas Special Docket No. 73958, General Personal Injury Asbestos Case Management Standing Order No. 10, Regarding Adoption of the Complex Litigation Automated Docketing (CLAD) System (Jan. 26, 1998). To manage its asbestos docket more efficiently, the court issued a case-management order that adopted the Complex Litigation Automated Docket system ("CLAD") provided by Lexis–Nexis for managing filings in asbestos cases. Id. In 2003, the court switched from the CLAD system to the "File & Serve" system, another electronic filing service provided by Lexis–Nexis. Special Docket No. 73958, Case Management Order to Implement Lexis–Nexis File & Serve in place of CLAD (June 2003). This second order is at issue in this case.

{¶ 3} Subsequent to the implementation of the File & Serve system, Bertha Louden and Mary K. Border ("appellants") filed separate civil actions alleging that their husbands had contracted asbestos-related disease in the workplace.[1] The court consolidated the two cases.

---

1. Roger Louden filed suit on his own behalf with his wife as coplaintiff. He has since died. His wife, Bertha, continued to prosecute the case as the executor of Roger's estate. Mary K. Border filed suit on behalf of her husband as executor of his estate.

{¶ 4} Appellees, Goulds Pumps, Inc., and Ingersoll–Rand Company, filed motions for summary judgment. On April 5, 2007, the trial court issued entries granting summary judgment to appellees.

{¶ 5} On May 4, 2007, appellants, using the File & Serve system, electronically transmitted notices of appeal to the clerk of courts for the trial court for the purpose of initiating an appeal of both summary judgments. However, the trial court clerk did not forward the notices to the Eighth District Court of Appeals.

{¶ 6} On July 24, 2007, appellants filed paper copies of their notices of appeal with the clerk of the trial court. This time, the clerk forwarded the notices to the court of appeals. However, the court of appeals sua sponte dismissed appellants' notices of appeal as being untimely filed.

{¶ 7} We accepted this matter as a discretionary appeal.

### III. Analysis

{¶ 8} Appellants assert the following proposition: "When the trial court has ordered that all filings must be submitted to the clerk electronically, a notice of appeal filed electronically in accordance therewith within thirty days of the entry of judgment satisfies the requirements of App.R. 3(A) and 4(A)." We disagree.

*A. The Rules of Appellate Procedure Govern the Filing of a Notice of Appeal*

{¶ 9} This court alone has the authority to "prescribe rules governing practice and procedure in all courts of the state." Section 5(B), Article IV of the Ohio Constitution. Section 5(B) also provides that "[c]ourts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." Pursuant to this authority, we have promulgated rules governing procedure in Ohio courts, including the Rules of Appellate Procedure, the Rules of Criminal Procedure, and the Rules of Civil Procedure.

{¶ 10} Although a notice of appeal is filed with the clerk of the trial court, it is the Rules of Appellate Procedure that "govern *procedure in appeals* to courts of appeals." (Emphasis added.) App.R. 1(A); see also *State v. McGettrick* (1987), 31 Ohio St.3d 138, 141, 31 OBR 296, 509 N.E.2d 378, fn. 5 ("Under ordinary circumstances, neither the Ohio Rules of Criminal Procedure nor the Ohio Rules of Civil Procedure are applicable to cases on appeal; the Appellate Rules 'govern procedure in appeals to courts of appeals from the trial courts of record in Ohio.' App.R. 1; see, also, Crim.R. 1(C)(1) and Civ.R. 1(C)(1)").

{¶ 11} App.R. 3(A) provides:

{¶ 12} "An appeal as of right shall be taken by *filing* a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect

the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." (Emphasis added.)

{¶ 13} App.R. 4(A) provides:

{¶ 14} "A party shall *file* a notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." (Emphasis added.)

{¶ 15} The Rules of Appellate Procedure do not define the term "filing." However, historically, "filing" occurs when a person manually presents a paper pleading to the clerk of courts. See, e.g., *King v. Paylor* (1942), 69 Ohio App. 193, 196, 23 O.O. 594, 43 N.E.2d 313 ("a filing can only be accomplished by bringing the paper to the notice of the officer, so that it can be accepted by him as official custodian").

{¶ 16} Advancements in information technology, including electronic transmission of documents, are streamlining the practice of law. See Bryce A. Lenox, Personal Jurisdiction in Cyberspace: Teaching the Stream of Commerce Dog New Internet Tricks: *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir.1996) (1997), 22 U.Dayton L.Rev. 331, 346 (by accepting the use of technologies such as the Internet and real-time audio and video, the " 'cyber-courthouse' will no longer be a myth"). In light of this emerging technology, this court promulgated Rule 27 of the Rules of Superintendence for the Courts of Ohio and amended numerous other procedural rules to address the use of information technology in Ohio courts. See Civ.R. 5, 11, and 73; Crim.R. 12; Juv.R. 8; App.R. 13 and 18.

{¶ 17} App.R. 13 states:

{¶ 18} "(A) * * * A court *may provide,* by *local rules* adopted pursuant to the Rules of Superintendence, for the *filing* of documents *by electronic means.* If a court adopts such local rules, they *shall include* all of the following:

{¶ 19} "(1) Any signature on electronically transmitted documents shall be considered that of the attorney or party it purports to be for all purposes. If it is established that the documents were transmitted without authority, the court shall order the filing stricken.

{¶ 20} "(2) A provision shall specify the days and hours during which electronically transmitted documents will be received by the court, and a provision shall specify when documents received electronically will be considered to have been filed.

{¶ 21} "(3) Any document filed electronically that requires a filing fee may be rejected by the clerk of court unless the filer has complied with the mechanism established by the court for the payment of filing fees." (Emphasis added.)

{¶ 22} Sup.R. 27 provides:

{¶ 23} "Before adopting any local rule of practice that relates to the use of information technology, a court shall submit a copy of the proposed local rule to the Supreme Court Commission on Technology and the Courts for review in accordance with the process established by the Commission. A local rule of practice that relates to the use of information technology shall be considered inconsistent with this rule and of no force and effect unless the Commission determines that the local rule complies with the minimum, uniform standards adopted by the Commission."

{¶ 24} Sup.R. 27 "establishes a process by which minimum standards for information technology are promulgated, and requires that courts submit any local rule involving the use of information technology to a technology standards committee designated by the Supreme Court for approval." 2001 Staff Notes to App.R. 13.

{¶ 25} To date, only four of Ohio's 12 district courts of appeals have adopted rules to permit electronic filing of certain documents. See Loc.R. 16 of the First District Court of Appeals (permits filing by facsimile and by electronic filing over the Internet); Loc.R. 10(B) of the Third District Court of Appeals (permits filing by facsimile); Loc.R. 2 of the Fifth District Court of Appeals (permits filing by facsimile); and Loc.R. 8(A) of the Sixth District Court of Appeals (permits filing by facsimile).

{¶ 26} The Eighth District Court of Appeals has not adopted any local rule that permits electronic filing. Accordingly, the Eighth District Court of Appeals does not permit pleadings to be filed electronically.

### B. The Case Management Order Encroaches upon Procedural Rules

{¶ 27} Appellants argue that submitting a notice of appeal electronically using the "File & Serve" system is no different from submitting a paper notice of appeal, and therefore a notice of appeal filed electronically should invoke jurisdiction of the court of appeals. To hold otherwise, appellants argue, would place form over substance. Again, we disagree.

{¶ 28} The Case Management Order in this case sets forth the requirements for electronic filing. However, nowhere does the Case Management Order discuss procedures for filing a notice of appeal. Furthermore, the order, which purports to set forth the procedure for electronic filing for asbestos cases, does not comply with the Rules of Appellate Procedure. While App.R. 13 permits a court to adopt local rules for the electronic filing of documents, any such rule

must (1) be approved pursuant to Sup.R. 27 and (2) contain certain provisions. See App.R. 13(A)(1), (2), and (3). For example, the clerk of courts must be allowed to reject any electronically filed document that does not comply "with the mechanism established by the court for the payment of filing fees." App.R. 13(A)(3). The Case Management Order contains no such provision. Finally, the order was not approved by this court's Technology Committee pursuant to Sup.R. 27.

{¶ 29} Therefore, even assuming arguendo that a trial court could authorize the electronic filing of a notice of appeal, the Case Management Order herein violates App.R. 13 and Sup.R. 27.

## C. Trial Courts Lack Authority over Appellate Procedure

{¶ 30} A trial court does not have authority to dictate appellate practice and procedure. We are unaware of any other case in which a party depended upon a trial court's order as authority to file a notice of appeal electronically in the absence of a rule of appellate procedure permitting such filing. Appellants' counsel stated at oral argument that he was not aware of any other case in which an appellant had filed a notice of appeal electronically pursuant to the Case Management Order.

{¶ 31} In the instant case, the Eighth District Court of Appeals has not yet adopted any rule that permits electronic filing of any document. Therefore, we hold that electronic filing is currently not permitted in the Eighth District Court of Appeals and that the trial court's Case Management Order could not authorize appellants to file their notices of appeals electronically.

## IV. Conclusion

{¶ 32} Today's technology supports electronic filing. We have authorized courts to adopt local rules that permit electronic filing and created uniform standards to which these rules must conform. While electronic filing will one day likely be the rule rather than the exception, advancements in information technology appear to be outpacing the promulgation of new rules providing for the use of such technology in Ohio courts. But in the meantime, we need an orderly and uniform system for incorporating information technology in our courts. That system has been laid out in App.R. 13 and Sup.R. 27. Thus, we hold that unless a local rule of the appellate court, properly approved under Sup.R. 27, expressly permits filing of a notice of appeal by electronic means, a party appealing a trial court order must file a paper copy of the notice of appeal with the clerk of the trial court pursuant to App.R. 3.

{¶ 33} Consequently, the appellants' notices of appeal filed electronically were invalid. Appellants' subsequently filed paper notices of appeal were untimely.

Accordingly, we affirm the court of appeals' judgment dismissing appellants' appeals.

Judgment affirmed.

MOYER, C.J., and O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in part and dissents in part.

PFEIFER, J., dissents.

---

### LANZINGER, J., concurring in part and dissenting in part.

{¶ 34} I concur in the syllabus of the majority. But because App.R. 3(A) did not, until today, prevent electronic filing of a notice of appeal unless a local rule had been adopted pursuant to Sup.R. 27, and because appellants relied on a specific order of the trial court directing them to file electronically, and finally because the appellees are not prejudiced, since the notices were electronically "filed" within time, I join Justice Pfeifer in dissenting from the judgment in this case.

{¶ 35} I would remand this case to the court of appeals to allow for the technical defect in filing to be cured by allowing appellants the right to file their notices in hard copy format as App.R. 3(A) now requires. Such a judgment would honor the tenet, as yet not overruled, that the Rules of Appellate Procedure should be liberally applied and would adhere to "the policy of exercising all proper means to prevent the loss of valuable rights when the validity of a notice of appeal is challenged solely on technical, procedural grounds." *Maritime Mfrs., Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257, 258–259, 24 O.O.3d 344, 436 N.E.2d 1034.

---

### PFEIFER, J., dissenting.

{¶ 36} The majority opinion is another example of this court obfuscating rather than promoting justice.

{¶ 37} "This court has long recognized that, in construing the Rules of Appellate Procedure, the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice. *In re Guardianship of Love* (1969), 19 Ohio St.2d 111, 115 [48 O.O.2d 107], 249 N.E.2d 794." *Maritime Mfrs., Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257, 258, 24 O.O.3d 344, 436 N.E.2d 1034. We are supposed to promote justice, not, as the

majority does today, point to seven different rules and inform an appellant that if you had read all of these rules in conjunction with each other, you should have realized that you should ignore the express directive of a trial court. That's what happened in this case. The trial court instructed all parties to submit all filings electronically. The appellants filed their notices of appeal electronically. It turns out that appellants should have filed electronically to satisfy the trial court *and* in hard copy to satisfy *this* court. Because they didn't, their appeals have been dismissed. Such is justice in the age of the Internet.

{¶ 38} It is readily apparent that this court no longer recognizes that the Rules of Appellate Procedure should be liberally applied, even though none of the cases adopting a liberal construction have been overruled. See, e.g., *In re Wisner's Guardianship* (1947), 148 Ohio St. 31, 34, 34 O.O. 558, 72 N.E.2d 751 ("All through the centuries, in the growth of the systems of common law and equity, the great threat has been that the procedural rules have, from time to time, become so complicated and technical that they have operated to delay substantive justice, to ensnare and entrap the unwary and to defeat the real purposes for which they were supposed to have been provided"). This court should have the courage to plainly overrule cases with which it no longer agrees, a step the court is prevented from taking by its sometimes slavish, sometimes selective, devotion to the legalistic straitjacket known as the *Galatis* test, enshrined in paragraph one of the syllabus in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. See *Groch v. Gen. Motors Corp.,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 219–224 (Lanzinger, J., concurring in part) (inviting this court to discard *Galatis* as unworkable); *State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.,* 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59, ¶ 50 (Pfeifer, J., dissenting); *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 19 (Pfeifer, J., dissenting).

{¶ 39} We have stated that "this court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of a notice of appeal is challenged solely on technical, procedural grounds." *Maritime Mfrs.,* 70 Ohio St.2d at 258–259, 24 O.O.3d 344, 436 N.E.2d 1034. This statement—from a case that has not been repudiated—suggests that we should not allow the appeals in this case to be dismissed. We should consider the totality of the circumstances and strive to achieve justice. To the contrary, this court has essentially informed Ohio litigants that they can no longer rely on the express orders of trial court judges. A more just solution would be to acknowledge that when a judge makes a decision regarding appellate procedure that this court ultimately deems a mistake, and a party relies on the judge's mistake, that party should not be prejudiced. Accordingly, we should craft an

equitable remedy to provide substantial justice to the appellants in this case by allowing them time to cure the now apparent defect in their filings.

{¶ 40} Under this approach, the lower court would be informed that it cannot allow filing of appeals by electronic means, the appellants would have their day in court, and the appeals would be decided on the merits, something that this court has stated is a "fundamental tenet of judicial review in Ohio." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644. See *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 222, 18 OBR 281, 480 N.E.2d 802 ("Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds"). The bottom line in this case is that the appellees had ample notice of the appeals and would not be prejudiced if the appeals were allowed to proceed. Alas, the majority reckons otherwise, preferring to restrict the ability to appeal, not, as we have stated in the past, liberally allow it. Unfortunately, this is not an isolated incident. See *In re Guardianship of Richardson*, 120 Ohio St.3d 438, 2008-Ohio-6696, 900 N.E.2d 174; *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683. It's a sad day when doing what the judge tells you to do isn't enough to ensure that your case is heard. I dissent.

---

Mazur & Kittel, P.L.L.C., John I. Kittel, and Bryan M. Frink; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellants.

Gallagher Sharp, John A. Valenti, Timothy J. Fitzgerald, and Holly M. Olarczuk–Smith, for appellees.