[Cite as *Rutushin v. Arditi*, 2013-Ohio-1427.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

PATRICIA RUTUSHIN,          )
                                      )     CASE NO. 12 MA 114
      PLAINTIFF-APPELLEE,   )
                                        )
     - VS -                    )     OPINION
                                        )
LINDA ARDITI,              )
                                        )
      DEFENDANT-APPELLANT.  )

CHARACTER OF PROCEEDINGS:         Civil Appeal from County Court
                                                 Area No. 2, Case No. 11 CVG 1087.

JUDGMENT:                            Dismissed.

APPEARANCES:
For Plaintiff-Appellee:              Attorney Matthew Giannini
                                                  1040 South Commons Place
                                                  Suite 200
                                                  Youngstown, OH 44514

For Defendant-Appellant:           Linda Arditi, Pro-se
                                                    1997 Wolosyn Circle, Apt. 5
                                                  Youngstown, OH 44514

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                  Dated: March 26, 2013

DeGenaro, P.J.

{¶1} Pro-se Defendant-Appellant Linda Arditi appeals a judgment by the Mahoning County Court Area No. 2 in favor of Plaintiff-Appellee Patricia Rutushin, in an action for forcible entry and detainer and money damages. However, this appeal was untimely filed and we are without jurisdiction to address the merits. Accordingly, this appeal is dismissed.

**Facts and Procedural History**

{¶2} On November 21, 2011, Rutushin filed a complaint against Arditi for forcible entry and detainer with a second cause of action for unpaid rent, late fees and property damages. The complaint alleged that Arditi had entered into a written agreement to lease a Boardman Township apartment from Rutushin and that Arditi had breached the lease by failing to pay rent as agreed. Rutushin served Arditi with a 3-day written notice to vacate the premises on November 5, 2011, a copy of which was attached to the complaint. Arditi was served with the complaint via residence service when a Boardman Police Officer posted the summons on the front door of Arditi's apartment residence.

{¶3} On November 30, 2011, Arditi filed a motion to continue the hearing on the forcible entry and detainer claim, which was sustained and reset for December 19, 2011. Rutushin appeared with counsel and Arditi failed to appear. Apparently there was some confusion over a motion for continuance that had been filed on December 16, 2011 by someone purporting to be Rutushin or acting on Rutushin's behalf. As a result, the hearing on the eviction claim did not go forward and the trial court issued a judgment entry on January 20, 2011 stating in relevant part:

> An unsigned motion for continuance was filed 12/16/11. Though the clerk may have thought the same was filed on behalf of the Plaintiff, Plaintiff denied same and was present with counsel and prepared to proceed. However, to the extent that the public access website appeared to reflect such motion for continuance as being granted, which was not done, a continuance is needed.

{¶4} Thus, the trial court continued the hearing until January 9, 2012 at 11:00

a.m. On January 5, 2012, Arditi filed a motion to continue the hearing. On January 9, 2012, Rutushin appeared for the hearing along with counsel, but Arditi failed to appear. The magistrate denied Arditi's January 5 motion to continue as untimely and proceeded to take testimony from witnesses. As a result of the hearing, Rutushin was granted a writ of possession of the premises. Hearing on damages was continued until March 26, 2012.

**{¶5}** On January 23, 2012, Arditi filed objections to the magistrate's January 10, 2012 decision granting the writ of possession, which were overruled by the trial court on January 31, 2012.

**{¶6}** On March 20, 2012, Arditi filed a motion which requested dismissal of the damages claim and/or continuance of the hearing. In a March 21, 2012 decision, which included findings of fact and conclusions of law, the magistrate denied Arditi's motion to dismiss and motion for continuance. The magistrate further noted that though Arditi had made a practice of facsimile filing, the same would not be permitted in the future as there was no provision allowing it in the local rules. The trial court issued a judgment entry on April 17, 2012 finding that no written objections had been timely filed and no error or other defect appeared on the face of the decision and therefore adopted the March 21, 2012 magistrate's decision as its own.

**{¶7}** In the meantime, the case proceeded to a hearing on the damages claim as scheduled on March 26, 2012. Rutushin appeared with counsel and presented evidence of damages. Arditi failed to appear. In the resulting decision, the magistrate stated:

> The Plaintiff presented evidence and exhibits through Adam Rutushin, Plaintiff's spouse and property manager. Unpaid rent is $2500.00. See Plaintiff's Exhibit 1. Late charges are permitted at $75.00 per month. Charges for personal property removal and cleaning (Plaintiff's Exhibit 2) total $438.00. An advertising bill (Plaintiff's Exhibit 3) was submitted in the amount of $268.11. Total loss of rent, late charges and damages, after credit for a security deposit, are $2,909.16.
>
> The court grants judgment for the Plaintiff and against the Defendant

in the amount of $2,909.16 plus court costs and interest at the statutory rate for the date of judgment on the second cause of action.

**{¶8}** The Magistrate's April 3, 2012 decision on the damages claim was adopted by the trial court on April 24, 2012. The docket reveals that on April 25, 2012, Arditi attempted to file by facsimile transmission, objections to the magistrate's April 3, 2012 decision on the second cause of action. However, the court did not consider them since they were untimely and because the court had previously warned Arditi that facsimile filings would not be permitted.

**{¶9}** On May 7, 2012, there is a docket entry stating: "Received faxed copy of notice of appeal with poverty affidavit from Defendant Linda Arditi." On June 7, 2012, there is a docket entry stating: "Received faxed copy of notice of appeal that Linda Arditi presented to court of appeals. (Still no original has been presented to court for processing.)"

**{¶10}** On June 7, 2012, the trial court issued a judgment stating as follows:

Matter before the court to procedurally review the Defendant's attempted filing of a notice of appeal. The Defendant forwarded for filing a faxed copy of a notice of appeal which the clerk accepted and docketed on 5/7/12. No original notice of appeal bearing the Defendant's original signature was submitted to the clerk. The Defendant apparently then attempted to file a notice of appeal directly with the 7th District Court of Appeals which documents were in turn forwarded to this Court. Again, the documents forwarded do not bear the original signature of the Defendant. The Defendant was previously advised by the Magistrate's Decision dated 3/21/12, and adopted as a judgment entry of Court dated 4/17/12 that faxed copies of pleadings would not be accepted.

The Defendant is advised that she is to file an original notice of appeal bearing an original signature. The Court will then consider whether the original filing should be deemed to relate back to the facsimile filing

date so as to preserve the applicable time requirements for filing an appeal.

**{¶11}** On June 18, 2012, Arditi filed a paper copy of her notice of appeal, with original signatures. The notice of appeal and docketing statement states that Arditi is appealing an April 17, 2012 "final order" of the trial court.

### Timeliness/Final Appealable Order Issues

**{¶12}** This court is jurisdictionally barred from addressing the merits of Arditi's arguments because the April 17, 2012 order listed on her notice of appeal was not a final order; and even if it were liberally construed to be pertaining to the later final order of April 24, 2012, Arditi's appeal was untimely filed.

**{¶13}** With regard to the first issue, Arditi identifies an April 17, 2012 judgment in her notice of appeal. In that judgment, the trial court adopted a magistrate's decision denying Arditi's motion to dismiss and/or to continue the hearing on the damages claim. As noted in the magistrate's decision and adopted by the trial court, although Arditi cited to Civ.R. 60(A) and (B) in her motion, those provisions do not apply; Ardidi's motion was a Civ.R. 12(B)(6) motion.

**{¶14}** " 'It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.' " *Hubbell v. City of Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶9, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Generally, denial of a motion to dismiss is not a final appealable order. *Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993); R.C. 2505.02.

**{¶15}** The trial court did issue a final appealable order on April 24, 2012 granting Rutushin judgment and awarded money damages. But even if Arditi's notice of appeal was liberally construed as premature and relating to the April 24, 2012 judgment, her appeal is untimely.

**{¶16}** App.R. 3(A), provides "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 4(A) provides: "[a]party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice

of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

**{¶17}** As indicated on the trial court's docket, notice of the April 24 final judgment was sent out to the parties within the three-day period. Arditi first attempted to file a notice of appeal on May 7, 2012 but the trial court clerk did not accept it since it was filed by fax and did not contain Arditi's original signature. Arditi then properly filed a paper notice of appeal on June 18, 2012, well over 30 days after both the April 17, 2012 and the April 24, 2012 judgments.

**{¶18}** The trial court clerk properly rejected Arditi's earlier attempts to perfect the appeal by facsimile filing. In *Louden v. A.O. Smith Corp.*, 121 Ohio St.3d 95, 2009-Ohio-319, 902 N.E.2d 458, the Supreme Court of Ohio held that "filing an appeal requires an appellant to present a paper copy of the notice of appeal to the clerk of the trial court, unless a [local] rule of appellate procedure expressly permits the notice of appeal to be filed electronically." *Id.* at ¶1; *see, also*, App.R. 3(A). Otherwise, the electronically filed notice of appeal is "invalid." *Louden* at ¶33. There is no local rule of the Seventh District Court of Appeals authorizing electronic or facsimile filing. Thus, Arditi's appeal was not perfected until she filed a paper copy with the clerk's office on June 18, 2012, well after the 30-day time limit for filing a notice of appeal from the April 24, 2012 judgment.

**{¶19}** In conclusion, this appeal is untimely, having been filed more than 30 days after the April 24, 2012 final appealable order. Further, Arditi identified a non-final April 17, 2012 judgment on her notice of appeal, which warrants dismissal as well. Accordingly, this appeal is dismissed.

Donofrio, J., concurs.

Vukovich, J., concurs.