[Cite as *KY Invest. Properties, L.L.C.*, 2013-Ohio-1426.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

KY INVESTMENT PROPERTIES, LLC, )
                                     )      CASE NO. 12 MA 115
       PLAINTIFF-APPELLEE,      )
                                       )
       - VS -                           )      OPINION
                                       )
LINDA ARDITI,                     )
                                       )
       DEFENDANT-APPELLANT.      )

CHARACTER OF PROCEEDINGS:      Civil Appeal from County Court Area
                                                  No. 2, Case No. 11 CVG 253 BDM.

JUDGMENT:                                   Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                      No Brief Filed.

For Defendant-Appellant:                   Linda Arditi, Pro-se
                                              1997 Wolosyn Circle, Apt. 5
                                               Youngstown, OH 44514

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio

Dated: March 26, 2013

DeGenaro, P.J.

{¶1}    Pro-se Defendant-Appellant Linda Arditi appeals from a judgment of the Mahoning County Court Area No. 2 denying her motion to vacate a judgment granting money damages to Plaintiff-Appellee KY Investment Properties LLC, in an action for forcible entry and detainer and damages.  Arditi's three arguments are meritless.  First, Arditi failed to file a transcript of the hearing on the first or second causes of action, and this court must presume the regularity of the proceedings and affirm the trial court's judgment granting damages to KY Investment.  Second, the trial court properly overruled Arditi's Civ.R. 60(B) motion to vacate the damages order because she failed to allege a meritorious defense or present evidence demonstrating one of the grounds for relief under 60(B).  Third, Arditi failed to file a transcript from the garnishment hearing, precluding appellate review of most of her arguments, and because the relevant statutory procedures pertaining to the garnishment were followed the remaining arguments are meritless.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2}    On March 15, 2011, KY Investment filed a complaint against Arditi for forcible entry and detainer with a second cause of action for unpaid rent, late fees and property damages.  KY Investment served Arditi with a three-day written notice to vacate the premises on February 24, 2011, a copy of which was attached to the complaint.  Arditi was served with the complaint via residence service when the summons was posted on the front door of her apartment residence, and she filed an answer on March 3, 2011.

{¶3}    The matter came for hearing on the writ of possession before the magistrate.  KY Investment appeared with counsel and Arditi failed to appear.  Sworn testimony was taken and the magistrate issued a writ of possession, which was adopted by the trial court.  No objections were filed with the trial court, nor was a notice of appeal.  Arditi did not file a transcript of this hearing for the appellate record.

{¶4}    The case proceeding to a hearing on the damages on October 21, 2011.  Again KY Investment appeared with counsel, but Arditi failed to appear.  The magistrate heard testimony and considered exhibits, and issued a decision granting KY Investment judgment.  Arditi filed objections which the trial court overruled on November 15, 2011,

entering judgment for KY Investment for $1,575.00 plus costs. Arditi failed to file a transcript of this hearing with her objections and with her appeal.

{¶5} On December 13, 2011, KY Investment commenced garnishment proceedings to collect its judgment. Specifically, it moved the court to order garnishment against two of Arditi's banks, PNC Bank and Cortland Bank, for money, property or credits other than personal earnings. These were accompanied by affidavits by KY Investment's attorney as required by R.C. 2716.11. Orders of garnishment were issued by the trial court. Cortland Bank filed a no-money answer. PNC Bank answered on December 19, 2011, stating that it had $899.52 of Arditi's money, property or credits other than personal earnings on deposit at the bank. PNC deposited the $899.52 with the court to be held until the case was resolved.

{¶6} On January 3, 2012, Arditi requested a hearing on the garnishment and moved the trial court, pursuant to Civ.R. 60(B), to vacate its November 15, 2011 order awarding damages to KY Investments. She also requested the trial court stay execution of the damages order. As grounds, she stated she was out of town for college when the hearing on the second cause of action was scheduled. She failed to allege a meritorious defense in her motion. KY Investment filed a brief in opposition and the matter was set for a non-oral hearing on February 27, 2012. On the morning of February 27, 2012, Arditi filed a motion to continue the non-oral hearing.

{¶7} The magistrate proceeded to decide the motion to vacate on February 27, 2012, overruling Arditi's motion for continuance as untimely. The magistrate overruled the motion to vacate, noting that Arditi failed to establish she was entitled to relief under any of the grounds set forth in Civ.R. 60(B)(1)-(5) and further failed to allege a meritorious defense. The magistrate also overruled the stay request and reset the garnishment hearing for March 12, 2012.

{¶8} On March 5, 2012, Arditi filed a motion to continue the garnishment hearing, which was overruled by the trial court, finding that the garnishment hearing had been pending for over two months and that Arditi's attempts to seek further continuances were deemed an unwarranted delay of the proceedings.

**{¶9}** On March 12, 2012, the case was called for a hearing on the garnishment. KY Investment appeared with counsel and Arditi failed to appear. In a decision dated the same day, and adopted by the trial court on March 27, 2012, the magistrate noted that Arditi had filed objections to the magistrate's February 27, 2012 decision denying Arditi's Civ.R. 60(B) motion to vacate the damages order. In light of that, the magistrate continued the garnishment hearing pending a ruling from the trial court on the objections. On May 5, 2012, the trial court issued a judgment overruling Arditi's objections to the magistrate's decision denying her motion to vacate. The trial court ordered the garnishment hearing to be set.

**{¶10}** On June 4, 2012 the case finally came for a garnishment hearing before the magistrate. KY Investment appeared with counsel and Arditi failed to appear. On that date the magistrate issued a decision concluding that the garnishment was proper and ordering any funds on deposit to be released to KY Investment by the clerk. On June 15, 2012, Arditi filed objections. The trial court never ruled on Arditi's objections to the magistrate's garnishment decision.

**{¶11}** Also on June 15, 2012, Arditi perfected a notice of appeal with this court, listing a March 27, 2012 judgment as the order being appealed. On October 17, 2012, this court issued a limited remand for the trial court to rule on Arditi's objections to the magistrate's decision on the garnishment. On November 16, 2012, the trial court issued a judgment entry overruling Arditi's objections, finding that the garnishment was proper. The court ordered the funds on deposit to be released by the clerk. Arditi also failed to file a transcript of this hearing with her objections or this appeal.

### Timeliness of Appeal and Record Deficiencies

**{¶12}** Several of Arditi's arguments challenge the eviction and resulting money judgment and the trial court's denial of her motion to vacate the money judgment. First, we must determine whether Arditi's appeal is timely, as there are multiple judgment entries her arguments challenge; April 4, 2011, ordering possession of the premises: November 15, 2011, granting damages; and May 8, 2012 denying Arditi's motion to vacate. Arditi's notice of appeal was filed June 15, 2012 when she filed a paper copy with

the trial court.[1]

{¶13} App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶14} At first blush, it would appear Arditi's notice of appeal was untimely because it was filed over 30 days after the May 8, 2012 entry overruling the motion to vacate. However, there are no docket entries indicating that either the April 4, 2011, November 15, 2011 or the May 8, 2012 judgment entries were ever served to the parties by the clerk. The judgment entries themselves also lack any direction to the clerk to serve notice.

{¶15} In *In re Anderson*, 92 Ohio St.3d 63, 67, 748 N.E.2d 67 (2001), the Supreme Court of Ohio held that where the trial court never endorsed upon the judgment entry the required "direction to the clerk to serve upon all the parties * * * notice of the judgment and its date of entry upon the journal" pursuant to Civ.R. 58(B), and the trial court docket contained no indication that appellant was ever served with notice, the time for filing a notice of appeal never began to run because the trial court failed to comply with Civ.R. 58(B). *Anderson* at 67. Following the holding in *In re Anderson*, the appeal time in the present case never began to run and therefore Arditi's appeal was timely filed.

{¶16} Turning then to the merits of the appeal, Arditi's brief does not assign any errors as directed by the Appellate Rules. Rather, she lists a number of legal issues and statutes that she feels are implicated by the trial court's judgment, including general landlord-tenant law, the Fair Debt Collection Practices Act and other statutes and constitutional provisions. Because Arditi's brief does not comport with App.R. 16(A)(4) and (7), this court could decline to address her arguments for that reason; but we will do

---

[1] The trial court clerk properly rejected Arditi's earlier attempts to perfect the appeal by electronic (facsimile) filing. In *Louden v. A.O. Smith Corp.*, 121 Ohio St.3d 95, 2009-Ohio-319, 902 N.E.2d 458, the Supreme Court of Ohio held that "filing an appeal requires an appellant to present a paper copy of the notice of appeal to the clerk of the trial court, unless a [local] rule of appellate procedure expressly permits the notice of appeal to be filed electronically." *Id.* at ¶1; *see, also*, App.R. 3(A). Otherwise, the electronically filed notice of appeal is "invalid." *Louden* at ¶33.

so in the interest of justice.

{¶17} Arditi failed to appear at any of the hearings below, despite the fact that she was properly served with notice. Moreover, Arditi failed to file transcripts of any of the hearings before the magistrate and/or trial court. Absent a trial transcript, we must presume the regularity of the proceedings. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Accordingly, the trial court's judgment granting damages is affirmed.

### Motion to Vacate

{¶18} Because Arditi's motion to vacate the order granting damages was resolved without a hearing, a lack of transcript is not fatal to this alleged error. To prevail upon a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: 1) a meritorious defense or claim to present if relief is granted; 2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶19} A trial court's decision concerning a Civ.R. 60(B) motion for relief from judgment will not be reversed unless the trial court abuses its discretion. *Strack* at 174. The term "abuse of discretion" constitutes more than an error of judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} Arditi completely failed to allege a meritorious defense in her 60(B) motion; that alone defeats her motion. Further, her contention that she failed to appear at the hearing because she was out of town for college does not constitute excusable neglect. Excusable neglect is not present if the party could have prevented the circumstances from occurring. *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 706 N.E.2d 825 (1997).

"[C]ourts must not let Civ.R. 60(B) serve as an emasculation of the pleading rules and time limits." *Fifth Third Bank v. Perry*, 7th Dist. No. 03 MA 100, 2004-Ohio-1543, ¶12. Arditi's reason for failing to appear does not meet this standard.

{¶21} The trial court's decision overruling Arditi's objections and denying the motion to vacate was reasonable as Arditi failed to meet two of the *GTE* elements. Accordingly, the trial court's judgment denying Civ.R. 60(B) relief is affirmed.

### Garnishment

{¶22} Arditi also challenges the trial court's order garnishing her bank accounts. Her main challenge to the garnishment seems to be her insistence that the trial judge's signature on the garnishment order was forged. However, this allegation is based upon Arditi's own suppositions, and not on any actual evidence in the record. Moreover, Arditi requested a hearing, but failed to appear at the hearing and further failed to provide a transcript of that hearing for inclusion in the appellate record. Pursuant to *Knapp*, we must presume the regularity of those proceedings and reject Arditi's arguments on that basis.

{¶23} Moreover, a review of the record that is available for review reveals that the garnishment was handled in accordance with the applicable law.

{¶24} R.C. 2716.11 provides:

A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following:

(A) The name of the judgment debtor whose property the judgment creditor seeks to garnish;

(B) A description of the property;

(C) The name and address of the garnishee who may have in the garnishee's hands or control money, property, or credits, other than

personal earnings, of the judgment debtor.

**{¶25}** R.C. 2716.11 was followed in this case. KY Investment commenced garnishment proceedings to collect its judgment by moving the court for an order of garnishment against two of Arditi's banks, PNC Bank and Cortland Bank, for money, property or credits other than personal earnings. These were accompanied by affidavits by KY Investment's attorney as required by R.C. 2716.11.

**{¶26}** R.C. 2716.13 provides further procedures governing garnishments of property other than personal earnings. Section (A) provides that "upon a filing of a proceeding in garnishment of property, other than personal earnings, under section 2716.11 of the Revised Code, the court shall cause the matter to be set for hearing within twelve days after that filing." R.C. 2716.13(A). Section (B) provides that once the matter is set for hearing, the clerk of court shall, inter alia, immediately issue to the garnishee (bank) three copies of the garnishment order and a written notice that the garnishee answer, which should substantially follow the form provided in the Revised Code. R.C. 2716.13(B). The garnishment "order shall bind the property in excess of four hundred dollars, other than personal earnings, of the judgment debtor in the possession of the garnishee at the time of service." *Id.* Section (C) provides a procedure for the judgment debtor to be notified of the garnishment and to request a hearing. R.C. 2716.13(C).

**{¶27}** R.C. 2716.13 was followed in this case. Orders of garnishment were issued by the trial court. Cortland Bank filed a no-money answer. PNC Bank answered on December 19, 2011, stating that it had $899.52 of Arditi's money, property or credits other than personal earnings on deposit at the bank. PNC deposited the $899.52 with the court to be held until the case was resolved. Arditi requested a hearing, but failed to appear. Thus, Arditi's arguments concerning the garnishment are also meritless.

**{¶28}** In conclusion, Arditi's arguments are meritless. Because Arditi failed to file transcripts of the pertinent hearings this court must presume the regularity of the proceedings and affirm the trial court's judgment granting damages to KY Investment. Further, the trial court properly overruled Arditi's Civ.R. 60(B) motion to vacate the

damages order; Arditi did not provide evidence of excusable neglect for failing to appear at the hearings and further failed to allege a meritorious defense. Arditi's arguments concerning the garnishment are also meritless as all of the relevant statutory procedures were followed, in addition to having failed to file a transcript of that hearing as well. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.