[Cite as *KY Invest. Properties, L.L.C. v. Arditi*, 2013-Ohio-2166.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

KY INVESTMENT PROPERTIES, LLC, )
                                     )       CASE NO.  12 MA 115

      PLAINTIFF-APPELLEE, )

                                      )

      - VS -                      )            OPINION

                                       )              AND

LINDA ARDITI,                  )     JUDGMENT ENTRY

                                       )

      DEFENDANT-APPELLANT.    )


CHARACTER OF PROCEEDINGS:        Motion for Reconsideration.


JUDGMENT:                             Motion Denied.


APPEARANCES:

For Plaintiff-Appellee:                   No Response Filed.


For Defendant-Appellant:             Linda Arditi, Pro-se
                                              P.O. Box 221
                                              North Jackson, OH  44451-0221


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


Dated:  May 21, 2013

PER CURIAM:

**{¶1}** Pro-se Defendant-Appellant Linda Arditi has filed an application for reconsideration of our decision in *KY Investment Properties, LLC v. Arditi*, 7th Dist. No. 12MA115, 2013-Ohio-1426. For the following reasons, the application is denied.

**{¶2}** An application for reconsideration of an appellate decision can be filed no later than ten days after the clerk has both mailed the parties the judgment and made a note on the docket of the mailing. App.R. 26(A)(1)(a). Although this court's decision was filed on March 26, 2013, the clerk did not send notice of the decision to the parties and make the required notation on the docket until March 28, 2013. Arditi's application was filed on Monday April 8, 2013, timely under the rule, since the tenth day after March 26, 2013 fell on Sunday, April 7.

**{¶3}** Nonetheless, Arditi's application fails on the merits. A reconsideration application must call to the attention of the appellate court an obvious error in its decision or point to an issue that was raised to the court but was inadvertently either not considered at all or not fully considered. *Juhasz v. Costanzo*, 7th Dist. No. 99-C.A.-294, 2002 WL 206417, (Feb. 1, 2002). An application for reconsideration may not be utilized where a party simply disagrees with the conclusion reached and the logic used by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005-Ohio-1766, ¶16.

**{¶4}** Arditi's main argument in her application seems to be that this court improperly issued an opinion after a limited remand had been issued so the trial court could rule on objections she filed to the magistrate's decision on the garnishment. Such is not an error on the part of this court. It was within this court's discretion to issue a limited remand so that all issues could be resolved in the trial court before the case proceeded to a full merit determination on appeal.

**{¶5}** Arditi's other assertions fail to call attention to an obvious error in this court's decision or an issue that was raised but not fully considered; rather, she expresses disagreement with the decision. Moreover, the bulk of her argument consists of inappropriate ad hominem comments about the trial court. This is well outside the scope of what this court may consider in an application for reconsideration.

{¶6}    Accordingly, Arditi's application for reconsideration is denied.

DeGenaro, P.J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.